## WILLIAMS *v.* THE TOWN OF ALBION.

58  329
†153 277

TOWNS.—*Bonds of, for Purchase or Erection of School Property.—Statute Construed.*—Where the school trustees of a town incorporated under the general law of this State file with the board of trustees of such town a verified report, showing that such school trustees have contracted for the purchase of real estate on which to erect school buildings, and showing the amount of the debt incurred for such realty, and the estimated cost of such buildings, and asking the issue of bonds, such board may, under the act of March 8th, 1873, 1 R. S. 1876, p. 343, by ordinance, authorize the issue and sale of bonds of the city, equal in amount to the cost of such real estate and the estimated cost of such buildings, not exceeding however the limit specified in the 1st section of such act.

From the Noble Circuit Court.

*H. S. Tousley, F. Prickett* and *H. G. Zimmerman,* for appellant.

*T. D. Evans,* for appellee.

BIDDLE, C. J.—Complaint by appellant, to enjoin the appellee from issuing and negotiating certain bonds, the material averments of which may be stated as follows:

That the "Town of Albion" is an incorporated town, under the laws of the State of Indiana; that the school trustees of said town, on the 25th day of December, 1875, made a report in writing, duly verified, touching the condition of their trust, and, on the 30th day of December,

1875, presented the same to the board of trustees of said town; that, on said 30th day of December, said board of trustees of said town passed an ordinance to authorize the issuing of the bonds of said town of Albion, to the amount of seventeen thousand dollars, "for the purpose of building a brick school-house, within said town, and for the purchase of ground whereon to build said school-house;" and that said board threaten to issue and negotiate said bonds; that, with the proceeds, they will pay the amount of eleven hundred dollars, the amount of an indebtedness contracted by the school trustees, for certain town lots, for school purposes, and that the balance realized they threaten to pay to said school trustees, for the purpose of building a school-house thereon, for common school purposes, within said town; that said school trustees have not purchased any ground and building or buildings, nor have they commenced the erection of any building or buildings for school purposes; that it does not appear from said report of the school trustees, that they have not necessary means to complete said contemplated school building mentioned in said report, nor for the payment for such ground and the erection of such contemplated school-house; that the plaintiff is the owner of valuable real estate, and a voter, citizen, and tax-payer, within the corporate limits of the town of Albion; that the issuing of said bonds will cause the plaintiff's property to be illegally encumbered, and cause the property within said corporate limits to be greatly depreciated in value. Prayer, that appellee be restrained from executing and negotiating said bonds, that said ordinance be declared void, and, at the final hearing, that the appellee be perpetually enjoined.

A demurrer, alleging the insufficiency of the facts averred to constitute a cause of action, was sustained to the complaint, and exceptions to the ruling reserved. The parties stood by their pleadings, and the court rendered judgment for the appellee.

The only alleged error assigned is, sustaining the demurrer to the complaint.

The bonds in controversy are sought to be issued and negotiated by the town of Albion, under the act of March 8th, 1873. 1 R. S. 1876, p. 343.

The appellant contends, that the act above referred to does not give a general power to the town, by the action of her board of trustees, to issue and negotiate bonds, to procure means to build a school-house, but confers the power only in certain enumerated instances; as, first, when the school trustees have purchased ground on which to erect a school-house, or made a purchase of ground and building or buildings; and, second, when the school trustees have commenced the erection of the building, and have not the necessary means to complete it; or, third, when they have contracted a debt for the erection of such building, or for the purchase of ground for such building, and have not the means to complete the same or pay for the ground so purchased.

The 1st and 2d sections of the act cited are as follows:

"Section 1. *Be it enacted,*" etc., "That any city or incorporated town in this State which shall by the action of its school trustee or trustees have purchased any ground and building or buildings, or may hereafter purchase any ground and building or buildings, or have commenced or may hereafter commence the erection of any building or buildings for school purposes, or which shall have by its school trustee or trustees contracted any debts for the erection of such building or buildings, or the purchase of such ground and building or buildings, and such trustee or trustees shall not have the necessary means with which to complete such building or buildings, or to pay for the purchase of such ground and building or buildings, or pay such debt, may, on the filing by the school trustee or trustees of said city or incorporated town, of a report under oath with the common council of such

city, or the board of trustees of such incorporated town, showing the estimated or actual cost of any such ground and building or buildings, or the amount required to complete such building or buildings, or purchase such ground and building or buildings, or the amount of such debt—on the passage of an ordinance authorizing the same by the common council of said city, or the board of trustees of such incorporated town, issue the bonds of such city or town to an amount not exceeding in the aggregate fifty thousand dollars, in denominations," etc.

" Sec. 2. The proceeds of the sales of such bonds shall be paid to the said school trustee or trustees to enable them to erect or complete such building or buildings, and pay such debt," etc.

In this case, the report of the school trustees to the town of Albion shows, that they have purchased certain lots for the purpose of erecting a school-house thereon; that they are indebted eleven hundred dollars therefor; that the estimated cost of the school-house is fifteen thousand nine hundred dollars; petitioning that the board of trustees will pass an ordinance, issue the bonds, etc.

The report of the school trustees to the city, or incorporated town, is required to show " the estimated or actual cost of any such ground and building or buildings, or the amount required to complete such building or buildings, or purchase such ground and building or buildings, or the amount of such debt." The report before us shows all of these facts; and while we agree with the appellant that the power of taxation, when delegated by the Legislature to a municipal corporation, must be strictly construed, it still seems to us, that, in this case, the school trustees and the town of Albion have brought themselves fairly within the purview of the act; and, when they have done this, the power of a court to enjoin them ceases. When the power is clearly granted to a municipal corporation to do an act, a court can not interfere

with the exercise of its ordaining or administrative discretion in carrying out the power granted. The amount of bonds proposed to be issued is the same as the debt already incurred, and the estimated cost of the schoolhouse; and we think the town of Albion, to this extent, has the power to issue the bonds.

The court properly sustained the demurrer to the complaint.

The judgment is affirmed, with costs.