Hadley v. The State, ex rel. The City of Richmond.

———————

HADLEY v. THE STATE, EX REL. THE CITY OF RICHMOND.

66    271
154   321

COMMON SCHOOL FUNDS.—*Treasurer of City School Trustees.—Complaint against, for Interest.— Uncertainty.—Parties. --Relator.—Finding on Good Paragraphs.*—In an action by the State, " for the use of" a city " as a distinct municipal corporation for school purposes," against the treasurer of the school trustees of such city, to recover for interest alleged to have been received by the defendant on the funds in his hands, the first paragraph alleged that the defendant had been fully compensated for his services, by the city council, out of the special school fund, and that, during his term of office, he had " used, hired and loaned, and permitted others to use, hire and loan," the common and special school funds in his custody, and had thereby realized a certain sum for which he refused to account. The second paragraph sought to recover interest for his use of other school funds ; and the third was for money had and received.

*Held,* on demurrer, there being no motion to make more certain, that the first and third paragraphs were sufficient.

*Held*, also, the finding of the court having been on the first and third paragraphs, that the overruling of a demurrer to the second was harmless.

*Held*, also, on demurrer for defect of parties, that the action was properly brought in the name of the State, for the use of such city.

SAME.—*Interest paid Trustee by County Treasurer.—Case Distinguished.—Estoppel.*—The qourt trying such cause found specially, that the interest received by the defendant was interest accrued upon warrants issued by the county auditor, in favor of the defendant, on the county treasurer, for the funds themselves, and paid by the latter out of those funds.

*Held*, that the defendant was liable, that he is estopped to deny the authority of the county treasurer to pay him such interest, and that the case does not fall within *Rock* v. *Stinger*, 36 Ind. 346.

SAME.—*Amendment.—Harmless Ruling.*—Where, after the sustaining of a demurrer to a pleading, other pleadings are filed, under which the evidence admissible under the former is properly given, the ruling on such demurrer is harmless.

From the Wayne Circuit Court.

*W. A. Bickle* and *C. H. Burchenal*, for appellant.

*H. C. Fox*, *J. Yaryan* and *J. L. Yaryan*, for appellee.

PERKINS, J.—A complaint, as follows, was duly filed in this cause :

" The State of Indiana, for the use of the City of Richmond in said county of Wayne, as a distinct municipal corporation for school purposes, and the plaintiff in this suit, complains of Jeremiah Hadley, defendant, and says that from the 1st day of April, 1873, to the commencement of this suit, the defendant acted as treasurer of the board of trustees of the common schools of the city of Richmond aforesaid; that, during the time he so acted, the said State, as the founder and donor of the common school fund, through her Legislature and municipal officers, placed in the hands of said defendant, for tuition purposes, large sums of her school fund, to wit, $136,914 ; and that there was placed in his hands the further sum of $68,268 taxes assessed and collected on and from the inhabitants and property of said city, for the construction of school-houses, to provide school furniture, school apparatus and pay the necessary expenses of running the schools of said city.

And, as a full compensation for the care and disbursement of the moneys aforesaid, the common council of said city paid the defendant, and the defendant received, out of the special school fund so assessed and collected as aforesaid, from one to six hundred dollars annually. And while the defendant was in charge of said school funds, as the custodian thereof, he used, hired and loaned, and permitted others to use, hire and loan, said funds, and realized large sums of interest, gain and profit, for the use, hire and loan aforesaid, to wit, the sum of $2,316.91, an itemized statement of which is filed herewith," etc.; that "said defendant has failed to account," etc., "and has converted said moneys to his own use, and judgment is demanded for $2,500."

The complaint contained a second paragraph, seeking to recover for the use by the defendant of other school funds, derived from a different source; and a third paragraph for money had and received, etc., accompanied by a bill of particulars.

The complaint was demurred to for defect of parties, plaintiff and defendant, and for want of facts constituting a cause of action, but the demurrer was overruled and exceptions entered.

As to the suit being in the name of the State, see sec. 145, 1 R. S. 1876, p. 810.

The defendant answered:

1. That, as to all rents for certain property held by the city of Richmond by donation, he had fully accounted to the city council for the same;

2. That, as to said rents, the State had no right to sue for the same;

3. That, as to the interest, mentioned in the complaint, on said school funds, the school trustees decided that he was entitled to it;

4. That said interest on, and use of, the school funds,

was allowed to him by the school trustees as part of his compensation for services;

   5. The statute of limitations of six years;

   6. The statute of limitations;

   7. Payment; and,

   8. The general denial.

Reply in denial to the first seven paragraphs of answer.

Trial by the court, and, at the request of the defendant, a special finding was made which was as follows:

"Upon the request of the defendant, the court here states specially the facts found by the court to have been proved upon the trial of the issues in this cause:

"*First.* That the defendant, Jeremiah Hadley, was elected by the common council of the city of Richmond, school trustee, in the year 1866, and was, by the school board of said city, elected treasurer of the board of trustees. That he gave a joint bond with the other trustees for that year. That he continued to hold said office, by reelection and appointment, from that time up to April, 1873, and that he gave his individual bond as such treasurer, with sureties, which were from time to time approved by the county auditor, from 1866 up to April, 1873, when his term of office expired.

"*Second.* That during the time he was such treasurer, and at the dates hereinafter stated, he received from the treasurer of Wayne County, upon orders drawn by the Auditor of said County in his favor, the following sums of money, viz.:

| | |
|---|---:|
| Sept. 11th, 1868, | $ 73.46 |
| Jan. 14th, 1869, | 4.51 |
| Feb. 2d, 1870, | 199.16 |
| March 3d, 1870, | 18.98 |
| Dec. 22d, 1870, | 14.00 |
| Dec. 8th, 1870, | 17.50 |
| Apr. 25th, 1871, | 2.98 |

Hadley *v.* The State, *ex rel.* The City of Richmond.

| | |
|---|---|
| March 31st, 1871, | 443:62 |
| Dec. 21st, 1871, | 19.79 |
| March 28th, 1872, | 511.70 |
| Dec. 19th, 1872, | 80.70 |
| Apr. 3d, 1873, | 446.88 |
| Nov. 21st, 1871, | 192.95 |

"Making, in the aggregate, the sum of.............$1,976.23

" That said several sums of money, so received by him as above found, were for interest which had accrued upon orders which had been issued by the auditor of Wayne County, and delivered to the defendant as such treasurer, for school funds in the county treasury, belonging to said city of Richmond as a corporation for school purposes, during the years above named ; and which interest had accrued, to the amounts above stated, upon such orders, from the dates thereof respectively, or from the time of the presentation thereof to the county treasurer, by the said defendant, for payment, until the same were paid to the said defendant as such treasurer as aforesaid.

" *Third.* And the court further finds that such defendant, as such treasurer, has never accounted to the county commissioners of said county, nor to the county auditor, nor to any other person or officer, for said several sums of money or any part thereof, but has converted the same to his own use.

" *Fourth.* And the court further finds that said defendant, during his said several terms of office, as such treasurer, received as a compensation for his services, fixed by the common council of said city, for two years, the sum of $400 per annum, and for two years following the sum of $600 per annum ; and after that time, during his continuance in office, the sum of $100 per annum.

" *Fifth.* The court finds that the defendant has failed to prove the agreement alleged in the fourth paragraph of his

answer, by a preponderance of the evidence, and upon that issue the court finds against the defendant.

"*Sixth*. The court further finds that the defendant has accounted for all sums of money, which have been shown by the evidence to have come into his hands as such treasurer, and charged against him in the complaint, except the said several sums above stated.

"And the court holds, as a conclusion of law upon the facts above found and stated, that the plaintiff is entitled to recover of the defendant the above sum of $1,976.23.                          J. H. MELLETT."

The defendant moved for judgment in his favor, on the special finding of facts, which motion was overruled. A motion then made for a new trial was denied. Exceptions were entered. Judgment was thereupon rendered against the defendant, upon the special finding. The defendant excepted and appealed to this court. Sixty days were given in which to file a bill of exceptions.

The evidence is not in the record.

The assignment of errors is as follows:

1. The court erred in overruling the defendant's motion to dismiss the cause for want of authority in the attorneys appearing on the part of the plaintiff to institute or prosecute the suit;

2. In requiring the defendant to answer before the attorneys appearing on the part of the plaintiff produced their authority to appear and prosecute said suit;

3. In overruling the several demurrer to the first, second and third paragraphs of the amended complaint;

4. In overruling the demurrer to the complaint;

5. In sustaining the several demurrer to the first, second, fourth, sixth, seventh and eighth paragraphs of answer;

6. In sustaining the demurrer to the amended third paragraph of answer;

7. In its conclusions of law upon the facts specially found;

8. In overruling defendant's motion for judgment on, the special finding of facts;

9. In rendering judgment for the plaintiff; and,

10. In overruling the motion for a new trial.

We proceed to consider the assignments of error.

We have not incorporated into this opinion the facts touching the action of the court on the motions of appellant to dismiss, and to require the attorneys of the appellee, the plaintiff below, to produce their authority to prosecute, the suit. These were matters aside from the merits of the cause; the circuit court was satisfied, upon the showing made, of the authority of said attorneys, and, we think, properly so. 2 R. S. 1876, p. 306, and notes. The result demonstrated the justice of the suit.

We think the court did not err in overruling the several demurrer to the first and third paragraphs of the complaint. Their sufficiency as to certainty and particularity of statement was not tested by a motion to make more certain, etc.

The finding and judgment were upon those two paragraphs; hence the ruling on the second was harmless.

The complaint contained a cause of action.

It is earnestly insisted, that the suit was improperly brought in the name of the State.

We think section 145 of the act to provide for a general system of common schools authorizes the suit as brought. That section reads thus:

"Suits brought on behalf of the school of any township, town or city, shall be brought in the name of the State of Indiana, for the use of such township, town or city." 1 R. S. 1876, p. 810.

It is further insisted that, if the suit was well brought under that section, it was not instituted on the relation of the proper corporation. Counsel say in their brief: "The

action must be brought by the State for the use of the proper township, town or city, that is, the school township, town or city, for the civil township, town or city has no interest whatever in causes of action existing in behalf of the school."

We think the suit was properly brought. It was brought on behalf of the school corporation of Richmond.

We think the court did not err in sustaining the demurrer to the paragraphs of answer mentioned. But, if it did, the action of the defendant in filing new additional paragraphs, to which a reply in denial was filed, under which evidence as to his entire defence could have been and was, we are satisfied, given, rendered the error harmless.

We think the record does not show that the remaining, viz., the seventh, eighth, ninth and tenth, errors were well assigned.

The point discussed by appellant's counsel under these assignments is that upon which the case of *Rock* v. *Stinger*, 36 Ind. 346, was mainly decided, viz., that a township trustee is not a mere bailee of money that comes into his hands by virtue of his office. The legal technical title to the money is in himself. The law of the above case is undoubted, but we do not see how it operates to the advantage of the appellant, for it decides that the trustee is liable to account for and pay over all such money, whether it be stolen, burned or loaned out. See *Shelton* v. *The State, ex rel.*, 53 Ind. 331.

Applying this doctrine to the case at bar, the appellant, by the judgment of the court, was held liable to account for and pay over no amount of money other than that which came into his hands by virtue of his office. The sums of money that formed the aggregate amount, for which the judgment below was rendered, were all paid to the appellant, out of the school fund, by the proper officer, and that amount he was bound to account for, and pay over.

How it might be as to interest on the money that he received on the funds after they came into the treasurer's hands, we say nothing.

We have not sought to ascertain by what right or authority interest was paid on the orders upon the school fund, by the county treasurer, because the appellant can not raise the question of want of power in this case. *Rock* v. *Stinger supra; Marks* v. *The Trustees, etc.,* 56 Ind. 288. But it was paid—paid out of the school fund, was a part of that fund paid into the hands of the school treasurer, the appellant, in his official capacity, and which his official bond covered, and for which he was bound to account. Of this we think there can be no doubt. The appellant was paid a fixed salary for his services as such. The court found that the school trustees did not agree that he should have the interest in question in addition, and he was not entitled to it by law.

This case does not fall within *Rock* v. *Stinger,* 36 Ind. 346, and cases cited. We adhere to that case. The interest withheld in this case did not accrue on a deposit by Hadley.

The judgment is affirmed, with costs, as of the date of the submission.

Petition for a rehearing overruled.