GEORGE ROBSON, Plaintiff in Error,

*vs.*

JOSEPH COMSTOCK, Defendant in Error.

ERROR TO CIRCUIT COURT FOR DANE COUNTY.

In an action for malicious prosecution, although the complaint does not technically state the indictment, on which the plaintiff was charged in the prosecution, yet after verdict such defects will be cured ; as the plaintiff to maintain this action must show that he was indicted for some offence, and that the defendant procured it to be found, and that it was false and groundless.
The code requires pleadings to be liberally construed, with a view to substantial justice, between the parties.

This was an action to recover damages for a malicious prosecution, brought in the circuit court by the defendant in error, against the plaintiff in error.

1. The complaint is as follows: That the said defendant, contriving and maliciously intending to injure the said plaintiff in his good name, fame, and credit, and to bring him into public infamy and disgrace, and to cause him, the said plaintiff, to be imprisoned for a long space of time, and thereby to impoverish, oppress, and wholly ruin him, on the seventh day of November, in the year 1856, at the November term of this court, falsely and maliciously and without any reasonable cause whatever, indicted, and caused and procured to be indicted the said plaintiff, for that the said plaintiff on the first day of October, 1856, at the county of Dane, aforesaid, upon the land of the said defendant, wilfully and without authority, did cut down sixteen oak trees of great value, to wit: of the value of thirty dollars, contrary to the statute in such case made and provided, and against the peace and dignity of the said State of Wisconsin.

2. And the said plaintiff further shows, that the said defen-

dant, afterwards, on the thirteenth day of April, in the year 1857, falsely and maliciously, and without any reasonable or probable cause whatever, caused and procured a warrant to be issued out of, and under the seal of the said court, for the apprehending and taking of the said plaintiff, and for bringing him, the said plaintiff, before the said court, to be dealt with according to law, for the said supposed offence; and the said defendant, under and by virtue of the said warrant, afterwards, on the twentieth day of April, in the year 1857, at the county of Dane, aforesaid, falsely and maliciously, and without any reasonable or probable cause whatever, caused and procured the said plaintiff to be arrested in his body, and to be kept and detained in prison for a long time, to wit: for the space of two days, then next following.

3. And the plaintiff further shows, that the said defendant afterwards, falsely and maliciously, and without any reasonable or probable cause whatever, prosecuted, and caused to be prosecuted, the said indictment against the said plaintiff, until the said plaintiff, afterwards, at the April term of the said court, on the twentieth day of April, in the year 1857, according to the form of the statute in such case made and provided, was in due manner, and by due course of law, acquitted of the premises in the said indictment charged upon him, by a jury of the said county of Dane, and was thereupon on the same day, and by the same court, duly discharged of and from the premises in the said indictment specified, as by the record and the proceedings thereof, remaining in said court, appears.

Then follow averments of damages, and a demand for judgment in the usual form.

The answer of the plaintiff in error, to this complaint, was a general denial.

The jury rendered a verdict for the plaintiff for $500 damages, on which judgment was entered, from which the defendant appealed.

*Atwood & Haskell* for plaintiff in error.

1. The essential facts which should appear by sufficient averments in the complaint in this cause are, that Robson procured and prosecuted against Comstock an indictment, maliciously, and without probable cause; in which the charges were false or groundless, and that Comstock was fully acquitted upon the indictment, and sustained damages by reason of the prosecution. 3 Blackstone's Com., 126 note, 14; 1 Bacon's Abridgment, 117, et seq.; 2 Saunders' Plead. and Ev., 324; 2 Chitty's Plead., 607, note p.

2. In the complaint in this cause it does not appear, even by fair intendment, that the charges in the indictment were false or groundless; but it does appear by direct averment that they were true.

3. The complaint is insufficient according to the usual and approved precedents. 2 Chitty's Pleadings, 600, et seq.

*Orton, Hopkins & Firmin* for the defendant in error.

1. The complaint states a good cause of action, and is sufficient in all respects. 1 Chitty on Pleading, 400–403, note 1, and 679; 2 Chitty on Pleading, 607 note q, and 621 note m.; *Soleman vs. Southwick*, 9 Johnson, 48; *Morris vs. Scott*, 21 Wendell, 281; *Graham vs. Noble*, 13 Serg. and Rawle, 233; *Weinberger vs. Sheldon*, 6 Watts and Serg. 336.

2. The verdict is a good and sufficient finding of the issue joined. *Findley vs Buchanan*, 1 Blackford, 12; *Schlencker et al. vs. Risley*, 3 Scammon, 483; *Roach vs. Hulings*, 16 Pet., 319; *Stearns vs. Barret*, 1 Mason, 153; R. S., chap. 132, § 10.

3. The judgment follows the verdict, and there is no error or defect therein. R. S., chap. 125, § 40.

*By the Court*, COLE, J. We consider the complaint in this case good after verdict. It may be technically defective in

Robson vs. Comstock.

not stating that in and by said indictment, &c., the plaintiff was charged, &c. It is not a fair and reasonable construction of the language of the complaint to say that therein the plaintiff below admits that he did on, &c., at &c., upon the land of the defendant wilfully and without authority cut down sixteen oak trees, &c. Taken in connection with the former part of the complaint and there can be but little doubt as to what is really the gravamen of the complaint. It is that the plaintiff in error "falsely and maliciously and without any reasonable or probable cause whatever indicted and caused and procured to be indicted the" defendant in error, in and by which indictment it was charged that the defendant in error, on, &c. The defective manner in stating of what the plaintiff below had been indicted is cured after verdict. Certainly the defendant in error could not have sustained his action without, among other things, showing that the plaintiff in error had caused him to be indicted for some offence. He was necessarily required to prove that Robson had procured and prosecuted against him an indictment. A fair construction of the language of the complaint shows we think what that indictment was for, and it appears by fair intendment that it was false and groundless. This must be held sufficient after verdict and judgment. 1 Saunders R. 226; *Stennel vs. Hogg,* and notes to that case; *Graham vs. Noble,* 6 S. and R. 233; *Weinberger vs. Shelly,* C. W. and S. 336. Besides section 65 of the code requires that in the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed with a view to substantial justice between the parties. We feel that we should not be authorized in reversing the case, and sending it back for a new trial on account of a mere technical defect in stating the cause of action where no objection is taken to the complaint on this ground until after verdict and judgment.

The judgment of the circuit conrt is affirmed with costs.