86                    SUPREME COURT OF INDIANA.

Morbeck and Others *v.* The State on relation of Jackson Township.

MORBECK and Others *v.* THE STATE on relation of Jackson Township.

TOWNSHIP TRUSTEE.—DUTIES AND BOND OF.—The duties of a township trustee are defined by statute, and the official bond required of such trustee is to secure the performance of his duties, as thus defined.

SAME.—LIABILITY.—That money which has come into the hands of a township trustee, as such trustee, has been stolen from him, without his fault, does not release him from his obligation to pay such money over to his successor in office.

APPEAL from the *Ripley* Circuit Court.

GREGORY, J.—Suit on the official bond of *Morbeck*, as township trustee, for failing to pay over to his successor moneys in his hands belonging to the relator.

The defendants answered that the identical money received by *Morbeck*, as trustee, in the complaint mentioned, was, immediately after the receipt thereof, and in the package in which the same was received, placed by him for safe keeping in a safe, where the same remained until the 14th of *October*, 1863; that the safe was, during all the time the money remained therein, under the immediate control and in the possession of *Morbeck*, in a store-room, owned and occupied by him, in the town of *Napoleon*, in said township; in which store-room he carried on the business of a merchant and had therein a large quantity of goods, and that the store-room was a part of his dwelling house; that on the night of the 14th of *October*, 1863, and while *Morbeck* and his family were sleeping in a room in the building adjoining the store-room in which the safe was placed, the store-room being securely locked and the doors and windows fastened and bolted, some person or persons, unknown to the defendants, burglariously broke open and entered the store-room, the safe being then and there securely locked and fastened, and with a crow bar forced open the safe and stole the money sued for, together with four hundred dollars belonging to *Morbeck*; that the money was thereby wholly lost and could not be recovered,

although every exertion in the power of *Morbeck* had been used therefor, and to secure the arrest and conviction of the person or persons who stole the same. That *Morbeck* had used every care and precaution in his power to keep the money safely; that the safe was, in fact, the safest depository in the township for the safe keeping of the money, the same being regarded by competent judges as, and was believed by *Morbeck* to be, proof against any burglarious effort.

A demurrer was sustained to this answer, and this is assigned for error.

In *Halbert et al.* v. *The State ex rel. Board of Commissioners of Martin County,* 22 Ind. 125, this court held, as we think rightly, that a public officer who is required to give bond for the proper payment of money that may come into his hands, as such officer, is not a mere bailee of the money, exonerated by the exercise of ordinary care and diligence, but his liability is fixed by his bond, and the fact that the money is stolen from him without his fault does not release him from his obligation to make such payment.

But it is contended that there is no law defining for what a township trustee and his sureties shall be liable on his official bond. The law requires an official oath and bond, and defines what the duties of township trustee shall be. 1 G. & H., § 5, 6, p. 637. Among the duties thus defined is, that he shall " receive all moneys belonging to the township, and pay the same out according to law, as right and justice shall require." It is further provided, that " such trustee shall, at the expiration of his term, deliver to his successor all moneys, books and papers belonging to his township." 1 G. & H., § 12, p. 639. One of the conditions of the bond sued on is, that *Morbeck* " shall promptly deliver up to his successor in office all books, papers and vouchers belonging to said office, and pay over to him all moneys on hand belonging to said township."

It is clear to us that the official bond required of a township trustee is to secure the performance of his duties as defined by law.

. We think the court below committed no error in sustaining the demurrer to the answer.

It is claimed that the complaint does not show that the money sued for belongs to the township. We think otherwise. It is averred that during the time *Morbeck* was trustee, there came to his hands, as such, money belonging to the township, to-wit, two hundred and seventeen dollars and nine cents of township funds.

The judgment is affirmed, with costs.

*W. S. Holman, A. W. Harrington* and *M. K. Rosebrough,* for appellants.

*E. P. Ferris,* for appellee.