. Rock and Another *v.* Stinger.

———————————◆———————————

## Rock and Another *v.* STINGER.

TOWNSHIP TRUSTEE.—*Title to Money in his Hands.*—A township trustee is not a mere bailee of the money that comes into his hands by virtue of his office. He is liable to account for and pay it over, whether the same be stolen or burned without his fault, or loaned out. The legal technical title to the money in his hands is in himself.

PROMISSORY NOTE.—*Defense.*—In an action upon a promissory note, an answer that the money forming the consideration for the note was township and school money, coming into the hands of the plaintiff by virtue of his office as township trustee, and unlawfully loaned by him to the defendants, and that since said loan the plaintiff had vacated his office, constituted no defense to the suit.

APPEAL from the Hancock Common Pleas.

WORDEN, C. J.—This was an action by the appellee against the appellants upon two promissory notes executed by the defendants to the plaintiff. Issue, trial, finding, and judgment for the plaintiff.

The only question properly raised in the case is presented by the ruling of the court in sustaining a demurrer to the second paragraph of the defendants' answer.

That paragraph is as follows: "And for a further answer, the defendants say that the plaintiff ought not to have and maintain his action upon the notes mentioned and set out in the first and second paragraphs of his complaint, because

Rock and Another *v.* Stinger.

they say that at the time of the execution of each of said notes by them to the plaintiff, he, the said plaintiff, was the trustee of Jackson township in the county and State aforesaid, and by virtue of his said trust as such was the lawful custodian of the treasure and moneys of said township, and of the school fund apportioned thereto, and was then and there, as such trustee, in possession of large sums of money belonging to said township, consisting in part of the school fund apportioned to the same; and that he, the said plaintiff, unlawfully, and without any right whatever to do so, loaned to the defendants a portion of said moneys belonging to said township and fund, for which they, the said defendants, executed and delivered to him the notes sued on in this action; and that since the execution of said notes, and before the commencement of this action, the plaintiff's term of office, as such trustee, expired, and he ceased to act as such; by reason of all which the defendants say that the plaintiff had no property in the money for which said notes were given, nor has he now, and that said notes are not the evidence of a valid and binding contract, and that the same were given without any valid or legal consideration moving from the plaintiff to the defendants; wherefore they demand judgment."

We are of opinion that the demurrer to this paragraph was correctly sustained.    In the case of *The Chester Glass Company* v. *Dewey*, 16 Mass. 94, it was held that if a corporation set up a store for the sale of merchandise generally, and sell such merchandise on credit, it does not lie in the mouth of a purchaser, in an action for the price of the goods sold to him, to object that they were prohibited by law to carry on such trade.    We, however, do not decide the case upon this narrow ground; we may remark, however, that the defense has nothing in it to commend itself to favorable consideration; but, notwithstanding this, it should prevail if the rigid law is with the defendants.

A township trustee is required to take an official oath, "and execute a bond conditioned as in ordinary official

bonds, with at least two freehold sureties, in a penalty of not less than double the amount of money which may come into his hands at any time during his term by virtue of his office," and his duties are, among other things, second, " to receive all moneys belonging to the township, and pay the same out according to law, as right and justice shall require," and fifth, " to see to a proper application of all moneys belonging to the township for road, school, or other purposes, and perform all the duties heretofore required of the township trustees, clerk, and treasurer, under the supervisors and school acts." 1 G. & H. 637, secs. 5 and 6.

It would seem, under these provisions, that a township trustee, like a county treasurer, is liable on his bond for all money that comes to his hands by virtue of his office, whatever may become of the money. *Halbert* v. *The State*, 22 Ind. 125. He is not a mere bailee of the money, and therefore held to only reasonable care. He is liable to account for and pay over whatever amount comes to his hands by virtue of his office, whether the same has been stolen, or burned, without his fault, or loaned out to a litigious borrower from whom he is unable to collect.

Under these circumstances, as the trustee is not a mere bailee, it would seem that the legal technical title to the money in his hands is in himself. Suppose a township trustee should die with moneys received by him as such, in his hands; can it be claimed that the money, even if the specific bills or coin received by him officially could be identified, would go to his successor and not to his administrator? We think it quite clear, in the case supposed, that the money would go to the administrator, because simply the title was in the trustee.

This view is fully sustained by authority. In the case of *Inhabitants of Colerain* v. *Bell*, 9 Met. 499, it was held that "the specific money received by a collector, in the collection of taxes, is his money, and not that of the town."

If we are right in this view, there was not only a valid

legal consideration for the notes, but there was nothing in the transaction that was illegal.

The judgment below is affirmed, with costs and five per cent. damages.

*W. R. Hough,* for appellants.