No. 8360.

BROWN ET AL. *v.* THE STATE, EX REL. FIELD.

TOWNSHIP TRUSTEE.—*Bond.—School Revenues..—Mere Use not a Breach.— Conversion.*—The mere use of school revenues of the township by a township trustee in his own business is not such a conversion of the money as constitutes a breach of the conditions of his bond.

SAME.—*Action on Bond.—Damages.—Judgment.*—In an action on the bond of a township trustee for a failure to account for and pay over school revenues received by him, the provision of section 7, 1 R. S. 1876, p. 781, that the judgment shall include an assessment of ten per cent. damages: upon the amount thereof, is imperative.

From the Gibson Circuit Court.

*C. A. Buskirk* and *W. M. Land,* for appellants.

*J. E. McCullough* and *L. C. Embree,* for appellee.

ELLIOTT, C. J.—James M. Alvis had been trustee of White River township, Gibson county, for several consecutive terms,. and had, at the commencement of each term, executed a bond. The bond upon which this action is founded was executed by him as principal, and the appellants as sureties, at the time he entered upon his last term. Before the expiration of the term to which he was last elected, Alvis resigned, and the relator was appointed his successor. Demand was made upon Alvis. for the money due from him as trustee, but no money was paid over or accounted for by him, and, upon a statement of account, he was found to be in default for a large sum. For this sum the court below gave judgment against Alvis and his sureties. The court included in the judgment, not only the amount unaccounted for, but also damages in the sum of $483.31, being ten per centum on the amount of the school fund, for which Alvis had failed to account. From that judgment this appeal is prosecuted.

Two points are relied upon for a reversal. The first of these is, that Alvis had converted the money prior to the execution of the bond in suit, and that the sureties thereon are not liable. The assumption of fact upon which this position.

rests is unsupported. During all the terms held by Alvis, except the last, he fully paid all demands upon the township, made all requisite reports, and complied with all orders made by the proper authorities. A very short time before the approval of the bond upon which this action is based, the commissioners ordered all township trustees of the county to make reports showing the amount of township funds in their hands respectively, and to produce in open session of the board the money of the township. Alvis obeyed this order, and exhibited to the commissioners all the money due from him as trustee. It may well be doubted whether Alvis and his sureties are not now estopped to aver that the money was not that of the township. This question, however, we need not and do not decide. It plainly appears that, prior to the execution of the bond here sued on, Alvis had discharged his duty, for all demands were paid, and all orders obeyed. There was no breach of the condition of any bond executed prior to the one given at the commencement of his last term. Against the sureties on former bonds no liability accrued, because no condition had been broken.

The theory of the law adopted by counsel rests upon a foundation as slender and unsubstantial as that upon which the assumption of fact is placed. The theory is, that the use of the township money by the trustee in his own business was such a conversion as constituted a breach of the conditions of the bond. Mere use does not constitute such a conversion as gives a right of action upon the bond for condition broken. In *Shelton* v. *The State*, 53 Ind. 331, it was said, in speaking of a public officer, that "He is not, like a trustee or an agent, the mere bailee or custodian of the money in his hands. The money which he receives becomes his own money, and when he has accounted as required by law and by the terms of his bond, nothing further can be required of him." In *Linville* v. *Leininger*, 72 Ind. 491, the cases of *Morbeck* v. *The State*, 28 Ind. 86, and *Rock* v. *Stinger*, 36 Ind. 346, are approved, and the

doctrine of the case from which we have quoted recognized and enforced.

The second point relied upon by appellants is, that the court erred in assessing ten per centum damages on the amount of the school fund received by Alvis, and for which he failed to account. The statute is directly against appellants. It is provided, that in case the trustee shall fail to discharge the duties required of him, "relative to schools and school revenues, the board of county commissioners shall cause suit to be instituted against him, on his official bond, and, in case of recovery against him, the court rendering the judgment, shall assess upon the amount thereof ten per cent. damages, to be included in said judgment." 1 R. S. 1876, p. 782, sec. 7. It was the duty of the trustee to pay over and account for all school revenues which were received by him; and, having failed to discharge this duty, the condition of his bond was broken, and he and his sureties became liable for the damages prescribed by the law in force when the bond was executed. *Goldsberry* v. *The State, ex rel.,* 69 Ind. 430.

Judgment affirmed.

NIBLACK, J., was absent when this case was considered.