No. 7187.

BOCARD ET AL. *v.* THE STATE, EX REL. STEVENS, TRUSTEE.

TOWNSHIP TRUSTEE.—*Liability for Funds.—Ownership of Township Money.*— When a township trustee receives money belonging to his township, he becomes technically the owner thereof, and only indebted to the township for the amount received. He is responsible to the township for such money to the same extent that a banker is for money deposited with him on general account, and hence is responsible to a much greater extent than if he were the mere agent, bailee or trustee of the township for the safe-keeping and disbursement of a specific fund.

SAME.—*Conversion.—Liability on Bond.*—A mere conversion of money received by a township trustee to his own use does not, of itself, amount to a breach of his bond; there must also be, as connected therewith or resulting therefrom, a failure on his part to pay out the money for which he is responsible, according to law, or to deliver it to his successor at the expiration of his term of office.

SAME.—*Failure to Make Report.*—The failure of a township trustee to make an annual report of the receipts and expenditures of his township does not render him liable on his bond, unless some injury resulted to the township or other party interested by reason of such failure.

SAME.—*Evidence.—Admissions as against Statutes.*—In an action upon the bond of a township trustee as against his sureties, the admissions or declarations of the township trustee, which are not a part of the *res gestœ*, and made after the alleged breach of the bond, are inadmissible.

From the Harrison Circuit Court.

*B. P. Douglass* and *S. M. Stockslager*, for appellants.

*L. Jordan, W. T. Jones* and *S. J. Wright,* for appellee.

NIBLACK, J.—This was an action by the State, on the relation of Enoch P. Stevens, Trustee of Blue River School Township, of Harrison county, against John R. Stevens, a former trustee of such township, and Isaiah Stevens, Joseph P. Miles, Mathias Bocard and William E. Cole, as his sureties, on his official bond.

The complaint averred that the said John R. Stevens was, at the October election in 1872, elected trustee of Blue River township, in said county; that he gave the bond sued on, qualified and acted as such trustee until the close of his term in October, 1874, when he was succeeded by one Solomon

Strange, who had been first duly elected and qualified; that the said Strange died on the 1st day of July, 1875, and was succeeded by one William Hancock, who was duly appointed for that purpose; that the said Hancock continued to act as trustee of said township until the 17th day of October, 1876, when he was succeeded by the relator, Enoch P. Stevens.

The breaches assigned were:

First. That during his term of office there had come into the hands of the said John R. Stevens several sums of money belonging to Blue River school township, the entire amount of which he had wrongfully and fraudulently converted to his own use.

Second. That the said John R. Stevens did not, at any time during his term in office, account to the board of commissioners of Harrison county, for all moneys received by him as trustee, and belonging to such school township, amounting to the aggregate sum of $3,067.38, but to so account to said commissioners had wholly failed and refused.

Third. That, during his term of office, there came into the hands of the said John R. Stevens, as trustee, several enumerated sums of money, belonging to said school township, amounting in all to $3,067.38; that said sum of money remained in his hands at the expiration of his said term of office, and, at that time, and ever since, he had failed and refused to pay over said sum of money to his successor in office.

The defendant John R. Stevens was not served with process, and did not appear to the action.

The remaining defendants, comprising all the sureties on the bond, interposed some objections to the sufficiency of the complaint, but their objections were all overruled. They then answered:

1. The general denial.

2. Payment by their principal, the said John R. Stevens, to his successor in office.

3. The statute of limitation.

After issue, the cause was submitted to the court for trial.

. Finding for the plaintiff, assessing the damages at the sum of $619.60; motion for a new trial refused, and judgment against the defendants, the sureties, upon the finding.

While the sufficiency of the complaint as an entire pleading is not technically before us, the argument upon its sufficiency having been confined to the second breach assigned, upon the bond, the conclusion we have reached as to the ultimate disposition which ought to be made of the cause renders it proper that we shall express an opinion upon all the breaches assigned in the complaint.

By the law in force at the time the events set forth in the complaint occurred, two principal duties were devolved upon a township trustee concerning moneys which came into his hands by virtue of his office:

First. To pay out such moneys from time to time as the emergencies of the township might require, according to law.

Second. At the expiration of his term of office to deliver to his successor all moneys which might remain as an unexpended balance in his hands.

All other requirements concerning moneys in his hands were merely incidental to these principal duties. 1 R. S. 1876, p. 900, section 6; p. 902, section 12.

It has been held by this court, and it may now be accepted as the law of this State, that, when a township trustee receives money belonging to his township, he becomes in a certain technical as well as a general sense, the owner of the money so received by him, and only indebted to the township for the amount of the money which has thus come into his hands; that he is thereby made responsible to the township for the money received by him to the same extent that a banker becomes responsible for money deposited with him on general account, and hence to a much greater extent than if he were the mere agent, bailee or trustee of the township for the safe-keeping and disbursement of a specific fund. *Morbeck* v. *The State, ex rel.*, 28 Ind. 86; *Robbins* v. *Cheek*, 32 Ind. 328; *Rock* v. *Stinger*, 36 Ind. 346; *Shelton* v. *The State, ex rel.*, 53 Ind.

331; *Linville* v. *Leininger,* 72 Ind. 491; *Brown* v. *The State, ex rel.,* 78 Ind. 239.

A mere conversion of money received by a township trustee to his own use did not, therefore, amount to a breach of his bond. There must also have been, as connected therewith or as resulting therefrom, a failure on his part to pay out the money for which he was responsible, according to law, or to deliver over the same to his successor at the expiration of his term. *Morback* v. *The State, ex rel.,* 34 Ind. 308; *The State* v. *Hebel,* 72 Ind. 361.

Nor did the failure of a township trustee to make an annual report of the receipts and expenditures of his township during the preceding year render him liable on his bond, unless some injury resulted to the township or other party interested, by reason of such failure.

It follows from what we have said that the first and second breaches assigned in this case, upon the bond, were not well assigned.

As we find the third breach in the record, it was somewhat inaptly constructed, but it alleged what appears to us to have been a substantial breach of the bond under the statute defining the duties of township trustee.

William Hancock was called as a witness for the plaintiff, at the trial, and, over the objection of the defendants, the sureties, testified that in December, 1875, several months after he had become township trustee, as stated in the complaint, he had a conversation with John R. Stevens, in which he, the said Stevens, admitted that there was still due from him to Blue River School Township, on account of school funds remaining in his hands, the sum of $538.89, and the admission of that evidence was assigned as one of the causes for a new trial.

Brandt on Suretyship, at section 518, says: "Questions as to the admissibility and effect of evidence, which are peculiar to the relation of principal and surety, frequently arise, and may properly find a place here. As a general rule, where the

suit is against a surety alone, admissions or declarations of the principal, which are not a part of the *res gestœ,* and which are made either before the surety became bound, or after the employment for which the surety became bound has ceased, or after there has been a breach of the contract on which the surety is liable, are not admissible in evidence."

The rule of evidence thus formulated by Brandt, is supported by other leading authorities, and ought, we think, to be recognized as the correct rule in actions against sureties alone. 1 Phillipps Ev. 525 ; 1 Greenl. Ev., section 187.

The averment of the complaint, that John R. Stevens' term of office expired in October, 1874, was sustained by the evidence. Consequently the admission testified to by Hancock was made more than a year after Stevens had ceased to be trustee of the township. Hancock was, therefore, permitted to testify in opposition to both the letter and spirit of the rule stated by Brandt, as above, and for that reason the judgment will have to be reversed.

The judgment is reversed, with costs, and the cause remanded for further proceedings.