Watson *v.* The State, *ex rel.* School Town of Worthington.

No. 8496.

## WATSON *v.* THE STATE, EX REL. SCHOOL TOWN OF WORTHINGTON.

PLEADING.—*Ad Damnum.*—*Judgment.*—Where a complaint is in several paragraphs, each demanding judgment for a specific sum, a judgment not in excess of the aggregate of these sums is not greater than the sum demanded by the complaint.

BILL OF EXCEPTIONS.—*Evidence.*—*Practice.*—Where a cause is tried by a commissioner to whom it has been referred, with directions " to report the facts found by him," the evidence can not be put in the record by bill of exceptions, the commissioner not having reported it, nor having been required to do so.

BOND.—*School Trustee.*—*Damages.*—In a suit on the bond of a school trustee, the statute (R. S. 1881, sec. 4441) authorizes ten per cent. to be added to the amount of the recovery, and the court, in rendering judgment upon the verdict, should add ten per cent. to the amount found by the jury.

From the Greene Circuit Court.

*W. M. Franklin, B. F. East* and *S. W. Axtell,* for appellant.
*W. I. Baker* and *L. Shaw,* for appellee.

ELLIOTT, C. J.—There are five paragraphs in the appellee's complaint. Judgment is demanded in each of them for a designated sum, and the aggregate demanded in all the paragraphs is more than three thousand dollars. The judgment was for less than fifteen hundred dollars. It was not, therefore, in excess of the sum demanded in the complaint, as the appellant maintains. Where there are several distinct instruments sued upon, and the judgment does not exceed the sum claimed in all of the paragraphs of the complaint, it can not be said to be greater than the amount for which judgment is prayed.

It is stoutly maintained by the appellee, that the evidence is not in the record. By agreement of the parties, the cause was referred to a commissioner. The order of the court directed the commissioner agreed upon to hear the evidence, and to determine the facts, and to " report the facts found by him at the next term of the court." This is not a direction

Watson *v.* The State, *ex rel.* School Town of Worthington.

to report the evidence. There is a well marked and plainly defined distinction between facts and evidence. This is illustrated by the many cases holding that facts, and not evidence, must be pleaded. It is also illustrated by those cases which hold that a special finding must state the facts and not merely evidence from which the facts may be inferred. The facts were reported by the commissioner, but not the evidence. After exceptions had been overruled to the report, the appellant tendered a bill of exceptions to the court, purporting to set out the evidence; the appellee objected to its correctness, and the court, after hearing the testimony of a witness, adjudged it to correctly exhibit the evidence, signed it, and ordered it to be made part of the record. We do not think this was the proper practice. A judge, who has not heard the evidence, can not certify that it is correctly exhibited in the paper tendered him. He can not know what evidence was delivered by the parties. There is but one way in which he can secure an accurate knowledge of it, and that is from the report of the officer who heard the witnesses testify, and read the documents adduced by the litigants.

There is no rule of practice which permits the court to hear testimony upon what evidence was or was not delivered to a referee or commissioner for trial. Such a practice would lead to confusion and result in trials of questions of fact never contemplated by the law. The only way to avoid confusion and to secure an accurate statement of the evidence is to require it to be embodied in the report of the referee or commissioner before whom it was delivered. We can not regard the evidence as in the record, and can not, therefore, consider any questions which require for their proper decision an examination of the entire evidence.

There is one question which may be considered and determined without the evidence, and to that we now proceed. The report of the commissioner stated the amount due from the appellant to be thirteen hundred and sixty-three dollars and fifty cents, and the court entered judgment for fourteen

hundred and ninety-nine dollars and eighty-five cents. The court added to the amount found against appellant ten per centum damages, and thus increased the sum to that for which judgment was given. This was right. The statute expressly provides that damages shall be awarded in such cases as the present. *Brown* v. *The State, ex rel.,* 78 Ind. 239.

Judgment affirmed.