The State, for the Use of the School Town of Irvington, *v.* Julian *et al.*

Filed Feb. 20, 1884.

---

No. 8898.

THE STATE, FOR THE USE OF THE SCHOOL TOWN OF IR-VINGTON, *v.* JULIAN ET AL.

PRACTICE.—*Demurrer to Answer.—Error, How Rendered Harmless.*—Error in overruling a demurrer to a paragraph of answer is cured by subsequent refusal to admit any evidence tending to support it.

SAME.—*When Court may Direct Verdict.*—Where there is no evidence whatever in support of a necessary averment of the complaint, the court may direct the jury to find for the defendant.

SCHOOLS.—*Trustees.—Defalcation.—Liability.*—A trustee of schools who has had no part in the misapplication of tuition funds is not liable therefor.

From the Superior Court of Marion County.

The State, for the Use of the School Town of Irvington,·v. Julian *et al.*

*J. C. Denny, D. V. Burns* and *C. S. Denny,* for appellant.
*R. N. Lamb, S. M. Shepard, A. C. Ayres* and *E. A. Brown,* for appellees.

HAMMOND, J.—This was an action by the appellant, for the use of the school town of Irvington, against the appellees, George W. Julian, Oliver M. Wilson and Otis A. Burgess, the latter as administrator of John O. Hopkins, deceased. The complaint was in two paragraphs. The first paragraph alleged, in substance, that at the time of the committing of the grievances complained of, said Julian, Wilson and Hopkins were the acting school trustees of the town of Irvington, but never filed official bonds as such trustees; that, on the 20th day of July, 1876, said trustees employed one Lydia R. Putnam to teach the public school of said town during the school year in 1876 and 1877, namely, for the period of nine months, agreeing to pay her for her said services out of the tuition fund belonging to the said school corporation, the sum of $60 per month; that in pursuance of said agreement said Julian, Wilson and Hopkins paid to said Lydia R. Putnam, out of the funds and moneys belonging to said school corporation, the sum of $540, for teaching said school; that at the time of teaching said school said Lydia R. Putnam was not licensed to teach in any of the public schools of Indiana; that said Julian, Wilson and Hopkins' term as school trustees long since expired; that they accounted to their successors in office for all moneys and property which came into their hands as such trustees, except the said sum of $540, paid by them to said teacher, which they did not and have not accounted for to said school town, to their successors in office, nor to the board of commissioners of Marion county, Indiana, and which has been wholly lost to said corporation. It is averred that before the commencement of this action a demand for said money of the appellees was made by the present school trustees of said town.

The second paragraph of the complaint charges that said

Julian, Wilson and Hopkins, as school trustees of the town of Irvington, converted to their own use $540 of the funds of said school corporation which came into their hands as such trustees. There was a demand for judgment in the sum of $540 for the use of said school town of Irvington.

The appellees were duly served with process. Wilson was defaulted. Julian answered in three paragraphs, the second being the general denial. The appellant demurred to the first and third paragraphs of his answer. The demurrer was overruled and an exception taken. Burgess, as administrator of Hopkins, answered by the general denial. The appellant replied in denial of the first and third paragraphs of Julian's answer. There was a trial by jury, and after the evidence was introduced the court directed the jury to return a verdict for the defendants. The jury returned a verdict accordingly.

The appellant moved for a new trial on the grounds that the verdict was contrary to the evidence and contrary to the law, and that the court erred in its instruction to the jury. The motion was overruled and the appellant excepted. Judgment was rendered on the verdict for the appellees for costs. No motion was made for judgment against Wilson on his default, nor was any objection taken to the judgment in favor of all the appellees for their costs.

On appeal to the general term of the court below, the appellant assigned as errors the overruling of its demurrer to the first and third paragraphs of Julian's answer, and the overruling of its motion for a new trial. The general term affirmed the judgment of the special term. The appellant excepted to the decision; it appeals to this court, and here assigns as error the judgment of the general term in affirming that of the special term.

The first paragraph of Julian's answer was an attempt to plead a former adjudication. At the trial of the case, in support of said first paragraph of answer, the record of the judg-

ment therein pleaded was offered in evidence, but upon the appellant's objection, the court refused its admission. It is manifest, therefore that the first paragraph of Julian's answer had no bearing whatever upon the result reached in the trial. In Buskirk's Practice, 284, it is said : " Though a demurrer to a pleading has been erroneously overruled, if the court or jury on the trial found that the pleading was not true, the ruling can not be a cause for reversing the judgment." This statement of the law is sustained by the decisions of this court. *Blasingame* v. *Blasingame,* 24 Ind. 86 : *Nave* v. *Wilson,* 33 Ind. 294 ; *Wolf* v. *Schofield,* 38 Ind. 175 ; *Peery* v. *Greensburgh, etc., Turnpike Co.,* 43 Ind. 321 ; *Hawley* v. *Smith,* 45 Ind. 183 ; *Blessing* v. *Blair,* 45 Ind. 546 ; *Keegan* v. *Carpenter,* 47 Ind. 597 ; *McComas* v. *Haas, ante,* p. 276 ; 1 Works Pr., section 538.

The action of the trial court in excluding all evidence in any way tending to support the averments of the first paragraph of Julian's answer, rendered the overruling of the appellant's demurrer to that paragraph a harmless error, even if the paragraph was insufficient, a point which we deem unnecessary to decide.

The third paragraph of Julian's answer contained much redundancy which might have been eliminated by a motion to strike out; but it contained averments to the effect that during the time of the grievances set out in the appellant's complaint, Hopkins was the treasurer of the board of school trustees of the town of Irvington, and made the payments complained of to Lydia R. Putnam as a teacher in the public schools of said town ; that said Julian never had the custody or control of any of the funds of said town ; that he had nothing to do in the employment of said teacher, nor in the payment, or directing the payment, of any money to her as such teacher.

The facts thus pleaded, though probably they might have been shown under the general denial, were, we think, suffi-

cient to constitute a defence upon the part of Julian. It is provided in section 4439, R. S. 1881, that the school trustees of a city or town shall meet within five days after their election, and organize by electing one of their number as president of the board, one as secretary, and one as treasurer. The treasurer is required to give bond to the approval of the county auditor, with at least two sufficient freehold sureties, who shall not be members of such board. The president and secretary of the board are each also required to give bond. We think it is plain that for improper disbursements of money by the treasurer, the other members of the board are not responsible, either individually or upon their bonds, unless such disbursements are made with their concurrence. The facts stated in the third paragraph of Julian's answer are sufficient to exonerate him from blame in the payment of money to Miss Putnam, and there was no error in overruling the demurrer to that paragraph.

We have examined the evidence with much care, and think there was an entire failure of proof to make any case whatever for the appellant. It is true the evidence shows that Julian, Wilson and Hopkins were the board of school trustees of the town of Irvington; that Julian was president, Wilson secretary, and Hopkins treasurer of the board; that Miss Putnam, without any license as a teacher, taught in the public schools in said town during the term of office of the persons above named; and that for such teaching she was paid by Hopkins $510. But there is no evidence whatever that any money or funds of any kind of the school town of Irvington ever came into the hands of Julian, Wilson or Hopkins, or that they, or either of them, failed to settle with their successors in office, or that any demand was made upon the appellees, or either of them, before the commencement of this action, for any money of said town, supposed to be in their hands or not accounted for by them, as alleged in the complaint. It is true that at the trial there was put in evidence a report made to the county board by Hopkins' successor in

The State, for the Use of the School Town of Irvington, *v.* Julian *et al.*

office. This report, from its dates, purports to cover the time that the school was taught by Miss Putnam, and the officer making it claims credits for payments made to her. But as this report was not made by the appellees, it is not shown how they are bound by it. Taking it, however, as evidence against them, it fails to supply the proof requisite for the appellant's recovery. It does not show that the trustees received, or declined to account for any money belonging to the school town of Irvington. The mere fact of paying money to one not authorized to teach in the public schools does not of itself make them liable. For all that appears from the evidence, Hopkins may have paid the teacher out of his own money. To make the trustees liable for defalcation, the evidence must show that they received public funds by virtue of their office, and failed at the close of their term to pay the same, or some part thereof, to their successors. *State* v. *Hebel,* 72 Ind. 361; *Bocard* v. *State, ex rel.,* 79 Ind. 270; *Goodwine* v. *State, ex rel.,* 81 Ind. 109.

As there was no evidence authorizing a verdict for the appellant, the verdict was neither contrary to evidence nor law, nor was there any error in the instruction directing a verdict for the appellees. Where there is no evidence to sustain a cause of action, the court may instruct the jury to find for the defendant. 1 Works Pr., section 789.

A judgment was authorized against Wilson on his default for nominal damages, notwithstanding the verdict of the jury, but as it was not asked by the appellant, there was no error in not rendering such judgment.

The appellant's motion for a new trial was rightly overruled.

Judgment affirmed, at the costs of the school town of Irvington.

ELLIOTT, J., did not participate in the decision of this case.

Filed Feb. 15, 1884.