Harvey *et al. v.* The State, *ex rel.* Town of Monticello.

No. 11,219.

HARVEY ET AL. *v.* THE STATE, EX REL. TOWN OF MON-
TICELLO.

PLEADING.—*Plea in Abatement and in Bar.—Judgment.*—A judgment, if it
can be successfully pleaded at all, can not be pleaded in abatement,
but only in bar.

TOWN TREASURER.—*Suit on Bond.—Judgment.—Pleading.—Res Adjudicata.*
—In a suit upon the bond of a town treasurer for failure to pay the
moneys of the town to his successor, an answer in bar that third parties
had recovered a judgment against the town upon bonds issued by the
town is bad.

PRINCIPAL AND SURETY.—*Official Bond.—Answer by Sureties.—Discharge.*
*—New Bond.*—In a suit upon an official bond an answer by sureties, that.
the sureties on a former bond had, upon proper application, in term ob-
tained an order from a judge *pro tem.* discharging them, which, however,
was never entered of record, and thereupon the bond sued on was exe-
cuted, is bad.

SAME.—*Evidence.*—Conversations between the principal and sureties prior
to the approval of the bond, and without the knowledge of the officers
charged with the acceptance, are not admissible in evidence on behalf
of the sureties.

SAME.—*Breach.—Town Treasurer.*—The use by a town treasurer of the funds
of the town is not a breach of the condition of his bond; there is no
breach until he fails to pay or account as the law requires.

From the Carroll Circuit Court.

*A. W. Reynolds, E. B. Sellers, J. A. Stein, M. M. Sill, T.
F. Palmer* and *J. H. Wallace,* for appellants.

*W. E. Uhl* and *D. Turpie,* for appellee.

ELLIOTT, J.—The bond on which the action is founded
was executed by Harvey as principal, and the other appel-
lants as sureties, to secure the faithful discharge of the duties
of the office of treasurer of the town of Monticello to which
Harvey had been elected. The town was the relator and
charged that Harvey had at the time his term of office ex-
pired a large sum of money in his hands belonging to the
town, which he refused to pay over to his successor.

The sureties pleaded, both in abatement of the action and
in bar, a judgment of the Lake Circuit Court rendered against

the town of Monticello and others, in a suit instituted by holders of bonds issued by the town. It is quite clear that it was not proper to plead the judgment as matter in abatement, for, if the judgment pleaded constituted any defence at all, it was in bar, and not in abatement. A judgment is properly pleaded in bar, for, if binding upon the parties, it does much more than abate the pending action; it puts an end to the controversy.

The judgment is not a bar because it does not appear to have been rendered upon the cause of action here involved, nor does it appear to have been rendered in an action between the same parties as those to the present action. The judgment pleaded was in favor of the creditors of the relator, and surely the treasurer of the relator can not take any benefit from such a judgment. If he had paid the money awarded the creditors, a very different question would have been presented, but as the question is now presented it is entirely free from difficulty, for it is plain that a town officer can not take advantage of a judgment in favor of a creditor of the town and make it available as an excuse for not paying over to his successor money belonging to the town.

The third paragraph of the answer of the sureties admits that Harvey was elected treasurer of the town of Monticello, and alleges that he executed his official bond with certain named persons as sureties; that afterwards at the June term, 1880, of the White Circuit Court, William W. McCulloch, W. J. Huff and W. L. Bushnell, sureties, petitioned the judge of that court in writing to be released from the bond; that Harvey entered an appearance to the petition, and Judson Applegate, Esq., judge *pro tempore,* made an order releasing the petitioning sureties; that the order was merely marked "Filed," and that no other record of the proceedings was ever made. It is further alleged that the bond sued on was executed subsequent to the order made by Mr. Applegate, and that this bond was ineffective because the original bond was still in force.

Harvey *et al. v.* The State, *ex rel.* Town of Monticello.

The order made by the judge *pro tempore* of the White Circuit Court, releasing the petitioning sureties, was not void. It was made at a regular term of court, by a judge appointed to hold term, and is, therefore, valid. The failure to make the proper record did not render the order ineffective. It had fully accomplished its purpose before the appellants executed the bond sued on. They recognized this fact by executing this bond.

We do not regard it as very important whether the order of the White Circuit Court was valid or invalid, because it was fully acquiesced in and executed by the parties interested before these appellants became sureties on the present bond. We suppose it to be perfectly clear that the original bond might, by agreement of the parties, have been superseded by a new one, and that when this took place the sureties on the second bond could not be heard to aver that the original bond was still in force. There was no reason why a new bond might not be substituted for the original one, and when it did take the place of the old one, the latter ceased to be binding so far as future official acts were concerned. But in the present case the judge was at least an officer *de facto,* and his acts can not be collaterally impeached by persons who have acquiesced in them without objection. *Oppenheim* v. *Pittsburgh, etc., R. W. Co.,* 85 Ind. 471 ; *Gumberts* v. *Adams Express Co.,* 28 Ind. 181 ; *Creighton* v. *Piper,* 14 Ind. 182 ; *Blackman* v. *State,* 12 Ind. 556 ; *Steinback* v. *State, ex rel.,* 38 Ind. 483 ; *Feaster* v. *Woodfill,* 23 Ind. 493 ; *Case* v. *State,* 5 Ind. 1. We have, therefore, the order of a judge who had at least the authority of a judge *de facto,* and the agreement of the parties recognizing and carrying into effect that order, and the plainest principles of justice forbid the appellants from now averring that their bond is without force.

Conversations between a principal and his sureties on an official bond are not competent evidence. The obligee of such a bond is not bound by what occurs between the princi-

Harvey *et al. v.* The State, *ex rel.* Town of Monticello.

pal and sureties, unless brought to the knowledge of the officers whose duty it is to accept such a bond prior to its delivery. The trial court did right in excluding the evidence of the conversations between Harvey and his sureties. *Whitcomb* v. *Miller*, 90 Ind. 384.

A public officer is not a mere bailee of the public funds entrusted to him by the law, and is not in default until he has failed to pay some claim which it was his duty to pay, or has failed to account for the funds in his hands at the time required by law. *Rock* v. *Stinger*, 36 Ind. 346 ; *Shelton* v. *State, ex rel.*, 53 Ind. 331 (21 Am. R. 197) ; *Linville* v. *Leininger*, 72 Ind. 491 ; *Brown* v. *State, ex rel.*, 78 Ind. 239 ; *Bocard* v. *State, ex rel.*, 79 Ind. 270 ; *State* v. *Julian*, 93 Ind. 292. The cases cited establish the principle that use of public money does not constitute a breach of the bond, and that the breach occurs only when the officer fails to account for the money as required by law. In this case the evidence very fully and clearly shows that there was no default on the part of Harvey until after the execution of the bond sued on in this action, and it is clear, upon principle and authority, that the sureties on the bond in force when the default occurred are liable. *Brown* v. *State, ex rel., supra* ; *Bocard, etc.*, v. *State, ex rel., supra.*

The evidence shows the amount paid to Harvey, and it devolved upon him and his sureties to show that he had accounted for it. The evidence, instead of showing that he did account for it, shows that he failed to pay it over to his successor, or to account for it in any manner. The breach, therefore, is clearly established, and appears to have been committed after the execution of the bond in suit.

We think that there is an error in the assessment of damages, and that the amount is $73 more than should have been assessed. If the appellee will remit within thirty days the sum of $73 the judgment will be affirmed, at its costs. If remittitur is not entered within that time, the judgment will stand reversed, at the costs of appellee.

Filed March 12, 1884.