Filed April 23, 1887.

———————◆———————

No. 12,779.

HIATT ET AL. *v.* THE STATE, EX REL. KITSELMAN.

OFFICE AND OFFICER.—*Treasurer of Town School Board.—Failure to Pay Funds to Successor.—Action on Bond.—Complaint.*—A complaint upon the bond of the treasurer of the board of school trustees of a town for failing to turn over school funds in his hands, must show that the term of such officer has expired; it is not necessary to aver the fact in express. words, but it is sufficient if it appears from the facts pleaded that his term has expired, and that a successor has been chosen and has qualified.

SAME.—*Parties.—Relator.*—The successor of the outgoing treasurer, being the officer entitled to the funds sought to be recovered, is a proper relator in an action on the bond.

SAME.—*Action.—Order of County Commissioners.*—Where a public officer,. upon the expiration of his term, fails to turn over to his successor the·

funds in his hands, an action may be maintained without an order of the board of commissioners.

SAME.—*Incoming Treasurer.—Entitled to Receive Cash from Predecessor.—Promissory Note.*—An incoming treasurer is entitled to receive money only from his predecessor in discharge of a sum due from him in his official capacity, and the latter can not compel him to receive notes taken upon a loan of school funds, although the loan was made at the direction of the school trustees.

SAME.—*Penalty.*—Where an outgoing treasurer fails to pay over the money in his hands to his successor, when demanded, he is liable to the penalty of ten per centum provided in section 4441, R. S. 1881.

From the Randolph Circuit Court.

*E. L. Watson, J. S. Engle, G. D. Williamson, D. R. Williamson, — Baker* and *J. W. Newton*, for appellants.

*W. A. Thompson, A. O. Marsh, J. W. Thompson* and *J. H. Williamson*, for appellee.

ELLIOTT, C. J.—The relator's complaint is based on the official bond of Milton R. Hiatt, executed by him as principal, and by the other appellants as sureties, to secure the faithful performance of his duties as treasurer of the board of school trustees of the school town of Ridgeville. The breach alleged is the failure of Hiatt to turn over to the relator, who was duly elected his successor, the school funds in his hands.

It is insisted by appellants that the complaint is defective, because it does not aver that Hiatt's term of office had expired. That such an averment is essential is affirmed in the case of *Hawthorn* v. *State, ex rel.*, 48 Ind. 464.

It is not, however, necessary that it should be stated in express words that the term of office of the person sued had expired; it is enough if it appears from the facts pleaded that the term had ended, and that a successor had been chosen and had qualified. We think the facts stated in this complaint show that Hiatt's term of office had expired, and that the relator had been chosen as his successor, and had qualified according to law. *Westfall* v. *Stark*, 24 Ind. 377; *Carmody* v. *State*, 105 Ind. 546; *Robson* v. *Comstock*, 8 Wis. 372;

*Flanders* v. *McVickar*, 7 Wis. 372; *Morse* v. *Gilman*, 16 Wis. 504; Pomeroy Remedies, section 549.

The successor of the outgoing treasurer was a proper relator. The money when collected goes into his hands as custodian; he has given bond for its safe-keeping and proper disbursement. If his predecessor had paid it over without suit, he would have been the person to pay it to, and his acquittance would have been a sufficient voucher to the person paying the money. There is no valid reason why the officer to whom the money must be paid should not be the relator, and the authorities declare that such a person, as relator, may maintain the action. *Montgomery* v. *Commonwealth*, 1 T. B. Mon. 197; *Hawkins* v. *Commonwealth*, 3 Marsh. 339; *Hunnicutt* v. *Kirkpatrick*, 39 Ark. 172; *Haynes* v. *Butler*, 30 Ark. 69 ; *Lane* v. *Kersey*, 1 Met. 412.

It has often been held that an officer who is entitled to collect public funds, and who gives bond for their safe-keeping, acquires title to the money that comes into his hands. *Linville* v. *Leininger*, 72 Ind. 491; *Rock* v. *Stinger*, 36 Ind. 346; *Morbeck* v. *State, ex rel.*, 28 Ind. 86; *Halbert* v. *State, ex rel.*, 22 Ind. 125.

It seems clear that the logical result of this principle is, that the officer entitled to the funds is the proper relator, and this is the doctrine of our cases. The rule which has long obtained in this State is thus expressed in *Shook* v. *State, ex rel.*, 6 Ind. 113: " We think the board of commissioners, the treasurer, auditor, or any other officer whom the law charged with the duty of protecting and preserving the fund, might properly be a relator." This doctrine has been expressly or impliedly recognized and enforced in many cases. *Inglis* v. *State, ex rel.*, 61 Ind. 212; *Vanarsdall* v. *State, ex rel.*, 65 Ind. 176; *Wolfe* v. *State, ex rel.*, 90 Ind. 16. These and other cases recognize the right of the corporation or of the proper treasurer to be relator. *Hadley* v. *State, ex rel.*, 66 Ind. 271 ; *State* v. *Hebel*, 72 Ind. 361.

Where an officer's term of office has expired, and he fails to turn the money in his hands over to his successor, an action may be maintained without an order of the board of commissioners, for the law imperatively enjoins upon him the duty of paying the money over, and it is not necessary to supplement this command by the action of the board of commissioners. The duty is fully prescribed by positive law, and no order is necessary from any tribunal to entitle the proper relator to enforce it. The case is not like that of an officer not in default until a legal order is made against him, for here his default occurs when he fails to do what the law commands. *Dishon* v. *State, ex rel.,* 19 Ind. 255; *Robinson* v. *State, ex rel.,* 60 Ind. 26.

One of the questions presented by the record is as to the power of the board of school trustees to direct the treasurer to loan the school funds, and of the latter to compel his successor to accept the notes received for the loan as money. We think it quite clear that the retiring treasurer can not compel his successor to receive anything but money in discharge of the sum due from him in his official capacity. The law makes the treasurer absolutely responsible for the safe-keeping of the money, and charges him with the duty of paying it over to his successor at the expiration of his term, and the board of school trustees can not relieve the treasurer from this responsibility or duty. *Inglis* v. *State, ex rel., supra.* To hold otherwise would be to run counter to the long line of decisions declaring that the treasurer becomes the owner of the money, and is not guilty of any breach of duty in loaning it and receiving interest on it. *Goodwine* v. *State, ex rel.,* 81 Ind. 109; *Brown* v. *State, ex rel.,* 78 Ind. 239, and cases cited.

The treasurer, having made default by failing to pay over the money in his hands to his successor when demand was made, was liable to the penalty of ten per centum provided in section 4441 of the statutes. *Brown* v. *State, ex rel., supra;*

*Goldsberry* v. *State, ex rel.*, 69 Ind. 430; *Watson* v. *State,. ex rel.*, 80 Ind. 212.

Judgment affirmed.

Filed April 23, 1887.