STATE OF MICHIGAN *v.* JOHNSON.

1. JUDGMENT—RES JUDICATA—PUBLIC OFFICERS—LIABILITY FOR SALARY ILLEGALLY PAID.

Decision of Supreme Court that superintendent of public instruction was not legally entitled to additional salary for services as director of vocational education (Act No. 149, Pub. Acts 1919), or as director of vocational rehabilitation (Act No. 211, Pub. Acts 1921), is controlling in action against him by State to recover money so illegally paid to him.

2. PUBLIC OFFICERS—ACCOUNTING FOR MONEY EXPENDED—STATUTES.

Failure of superintendent of public instruction to make report to county treasurer of money received for purpose of defraying expenses of teachers' county institutes, as required by statute (2 Comp. Laws 1915, §§ 5974, 5977), does not render him liable therefor, in absence of showing of loss to county by reason thereof.

3. SAME—LIABILITY FOR MONEY DEPOSITED IN PERSONAL ACCOUNT.

Superintendent of public instruction is liable for money received by him in his official capacity and deposited in his personal account, for which he has not satisfactorily accounted.

Error to Ingham; Collingwood (Charles B.), J. Submitted January 7, 1931. (Docket No. 33, Calendar No. 35,137.) Decided February 27, 1931.

Assumpsit by the State of Michigan against Thomas E. Johnson, former superintendent of public instruction, to recover moneys unlawfully retained while an incumbent of said office. Judgment for plaintiff. Defendant brings error. Affirmed in part. Reversed in part.

*Paul W. Voorhies,* Attorney General, and *William J. Galbraith,* Special Assistant Attorney General, for plaintiff.

*Carl H. Reynolds,* for defendant.

CLARK, J. The State sued defendant Thomas E. Johnson, former superintendent of public instruction, to recover of him certain sums averred to have been received and retained by him unlawfully, while he was an incumbent of the office, and had judgment in a trial without a jury. Defendant brings error.

The judgment has four elements, all of which are challenged.

The first claim is salary received by defendant, beyond the salary of his office as fixed by law, as director of vocational education under Act No. 149, Pub. Acts 1919 (2 Comp. Laws 1929, §§ 7712–7722), from July, 1922, to September, 1926, averred to be the total sum of $6,375. The second claim is salary received by defendant beyond the salary of his office as fixed by law, as director of vocational rehabilitation under Act No. 211, Pub. Acts 1921 (2 Comp. Laws 1929, §§ 7723–7738), from January, 1925, to September, 1926, averred to be the total sum of $2,100. That judgment was rendered rightly against defendant on these claims is settled by *People, ex rel. Johnson,* v. *Coffey,* 237 Mich. 591 (52 A. L. R. 1).

The third claim is a certain total sum received from four certain county treasurers pursuant to 2 Comp. Laws 1915, chapter 116, § 5974, relating to teachers' institutes, quoting:

"(5974) SEC. 5. For the purpose of defraying the expenses of rooms, fires, lights, or other necessary charges, and for procuring teachers and lecturers, the said superintendent, or the person duly authorized by him to conduct said institute, may demand of the county clerk of each county for the benefit of which the institute is held, who shall thereupon draw an order on the county treasurer of his county

for such sum, not exceeding the amount of the institute fund in the county treasury, as may be necessary to defray the expenses of said institute; and the treasurer of said county is hereby required to pay over to said superintendent or duly appointed institute conductor, from the institute fund in his hands, the amount of said order."

The duty to account for such funds is set forth by 2 Comp. Laws 1915, § 5977, same chapter, quoting:

"(5977) SEC. 8. The superintendent of public instruction, or the conductor of the institute by him appointed, drawing money from the county treasurer, under section five of this act, shall, at the close of each institute, furnish to the county treasurer, vouchers for all payments from the same in accordance with this act, and he shall return to the county treasurer whatever of the amount that may remain unexpended, to be replaced in the institute fund."

The record is that Mr. Johnson received the money, and used it in meeting proper expenses of the particular teachers' institutes. No receipts or vouchers, showing the payments, were filed with the several county treasurers. He filed the receipts and vouchers in the office of the superintendent of public instruction. It is the State's contention that, as he has failed to account by filing the vouchers or receipts with the county treasurers, he is liable for the whole sum received, notwithstanding the record showing that he used the moneys for the lawful purposes for which they were provided. The contention is not sustained. The statute provides no penalty for failure to so account to the county treasurers, and no penalty may be supplied. He did not obey the law, but no loss or damage on that account is shown.

If a village treasurer were to fail to make his annual account and report to the common council, could a judgment, for that reason and in disregard of his lawful disbursements, be taken against him for the total of all sums received by him during the year? Surely not. Nor will judgment lie here.

We quote syllabus of *Bocard* v. *State, ex rel. Stevens, Trustee,* 79 Ind. 270:

"The failure of a township trustee to make an annual report of the receipts and expenditures of his township does not render him liable on his bond, unless some injury resulted to the township or other party interested by reason of such failure."

The fourth claim is a check for $822.68 to Mr. Johnson from Michigan State Teachers' Association deposited in his personal special bank account. He asserts that this account was for the convenience of his office, and that the funds were used for proper public purposes. The finding of the trial court that this sum so deposited by defendant in a personal account had not been satisfactorily accounted for, and that defendant is liable therefor, is not against the weight of the evidence, and must be sustained.

Judgment as to first, second, and fourth claims is affirmed, and, as to third claim, reversed. No costs.

Remanded for judgment.

.Butzel, C. J., and Wiest, McDonald, Sharpe, North, and Fead, JJ., concurred. Potter, J., did not sit.