FRY ET AL. v. COOVERT.

[No. 6,977.   Filed May 11, 1911.]

1. OFFICERS.—County Treasurers.—Custody of Money.—Liability.
   —A county treasurer is charged with the legal custody of the
   official money in his hands, and is liable as an insurer and not
   as a bailee or trustee.   p. 599.
2. OFFICERS.—Treasurers.—Funds.—Action for.—Parties.—In an
   action to recover money in the custody of a county treasurer
   and deposited in a bank by him, he is the proper plaintiff.   p. 600.

From White Circuit Court; *James P. Wason*, Judge.

Action by Frank M. Coovert against Jesse J. Fry and
another. From a judgment for plaintiff, defendants ap-
peal. *Affirmed.*

*Stansbury & Billings* and *Reynolds & Sills*, for appel-
lants.

*William Darroch* and *Emory B. Sellers*, for appellee.

MYERS, C. J.—Appellee brought this action against ap-
pellants in the Newton Circuit Court, from whence the
venue was changed to the White Circuit Court, where the
cause was tried, a special finding of facts made and con-
clusions of law stated thereon, and judgment rendered in
favor of appellee and against appellants for $2,003.25.
Appellants in this court rely upon the single assignment
that the court erred in its conclusions of law.

From the findings it appears that appellee was the duly
elected, qualified and acting treasurer of Newton county,
and served continuously as such from January 1, 1901,
to January 1, 1905, and as such treasurer received cer-
tain money which he deposited in the Bank of Rose Lawn,
that being the firm name under which appellants, as part-
ners, were engaged in conducting a banking business in
the town of Rose Lawn; that appellee so deposited said
money without any agreement that the account should con-

tinue for any period of time, or that interest should be paid on said deposits, and no interest was ever paid thereon, or credited to appellee's account; that, upon demand, appellants neglected and refused to pay to appellee, or otherwise to account for, certain of the money so deposited.

Appellee prosecuted this action in his individual capacity, and the question presented, and the only one argued by appellants, challenges the legal capacity of appellee to maintain this action, on the ground that said money was the property of the county. It must be kept in mind that this was not an action against a public officer or a suit on the official bond of any such officer. Appellee, as treasurer of Newton county, received the money in question, and thereby became its proper custodian, as well as an insurer of its safe-keeping. He was bound .to account therefor, not as an ordinary bailee, trustee or agent, but as a public officer required to give bond, which fixed his liability. *Linville* v. *Leininger* (1880), 72 Ind. 491; *Halbert* v. *State, ex rel.* (1864), 22 Ind. 125; *McClelland* v. *State, ex rel.* (1894), 138 Ind. 321, 328; *Morbeck* v. *State, ex rel.* (1867), 28 Ind. 86. In the case of *Linville* v. *Leininger, supra,* the court quoted from *Rock* v. *Stinger* (1871), 36 Ind. 346, as follows: "Under these circumstances, as the trustee is not a mere bailee, it would seem that the legal technical title to the money in his hands is in himself. Suppose a township trustee should die with moneys received by him as such, in his hands; can it be claimed that the money, even if the specific bills or coin received by him officially could be identified, would go to his successor and not to his administrator? We think it quite clear, in the case supposed, that the money would go to the administrator, because simply the title was in the trustee." The money paid to appellee as treasurer, and not paid out according to law, must be regarded as in his hands, and to that extent

he is "a debtor to the State, for the use of those directly interested." *Rowley* v. *Fair* (1885), 104 Ind. 189. In the case last cited it is said "that by reason of this greater responsibility than a mere bailee, such a trustee becomes technically invested with the legal title to the money paid over to him from time to time for the use of his township, and hence responsible upon his official bond for the loss of any of such money while it remains in his hands, upon the theory that it is his, and not the township's, money which is lost." Citing cases. See, also, *Gonser* v. *State, ex rel.* (1903), 30 Ind. App. 508; *Bocard* v. *State, ex rel.* (1881), 79 Ind. 270.

Under the well-settled rules of law in this State, appellee's title to the money deposited with appellants, although limited, must be recognized as legal, and as he was required safely to keep it, and to make good any losses whether they occurred through his fault or not, justifies the conclusion that no error was committed by the trial court in permitting appellee to maintain this action in his individual capacity.

Judgment affirmed.