## STATE EX REL. PINK *v.* COCKLEY ET AL.

[No. 16,543.  Filed November 14, 1941.  Rehearing denied December 23, 1941.  Transfer denied February 10, 1942.]

418

*John R. Browne, John O. Campbell, Robert A. Gemmill,* and *John R. Browne, Jr.,* all of Marion, for appellant.

*Arthur W. Parry* and *Merl A. Barns,* both of Fort Wayne, for appellees.

CURTIS, J.—This was an action by the State of Indiana on the relation of Louis H. Pink, Superintendent of Insurance of the State of New York, as Liquidator of Southern Surety Company of New York, against J. Herbert Cockley, former treasurer of Noble County, Indiana, and United States Fidelity and Guaranty Company, surety on his official bond, to recover upon said official bond for alleged default of such treasurer in allegedly converting to his own use or to the use of others certain funds which belonged to said Southern Surety Company.

The amended complaint upon which said recovery is sought is in one paragraph and alleges, among other things: That said Southern Surety Company's predecessor, the Southern Surety Company, an Iowa Corporation, became surety on a contractor's bond to secure the performance by said contractor of contracts for the construction of two highways in Noble County, Indiana; that said contractor defaulted in the performance of said contracts owing claims and judgments amounting to approximately Thirty Thousand ($30,-000.00) Dollars to several sub-contractors, laborers and materialmen, and that said defalcations were paid in January, 1926, by said Southern Surety Company of Iowa, as said surety; that said surety on said bonds brought a suit against said treasurer and the other officials of said county having to do with the construction of said highways, and also against the Merchants and Farmers Bank of Avilla, Indiana, an assignee of the contractor's estimates on said highways, to determine the priority rights of said surety company, said sub-contractors, laborers, materialmen and said bank in and to Twenty-nine Thousand Seven Hundred Forty-three and 71/100 ($29,743.71) Dollars of said highway funds in controversy then in the hands of said

treasurer, which action was filed in May, 1924, tried in 1925, and decided by the lower court in January, 1926, adversely to said surety company—the judgment of the trial court being that said surety company did not own and had no interest in said funds, and that the same were owned by said bank, and the treasurer was ordered to pay the same to the said bank; that a term-time appeal from said judgment was prosecuted by said surety company against said treasurer, said bank, and said other county officials, to the Appellate Court of Indiana, which court reversed said judgment on April 20, 1928; that upon a petition for transfer granted by the Supreme Court, said latter court again reversed said judgment on the 24th day of June, 1931, and it was ordered by the Supreme Court that if the Southern Surety Company had paid said claims and judgments, which fact had not been judicially determined, the said funds in the hands of said treasurer should be paid to the clerk of said court to be paid by said clerk to said Southern Surety Company; that the Supreme Court also held that proof might be offered to determine the question as to whether or not said surety company had paid said claims and judgments; that pending said appeal, said treasurer paid the said funds to the said bank, and that pending said appeal said bank became insolvent and its affairs have been fully liquidated by a receiver.

It is also alleged that said Southern Surety Company of Iowa had assigned its claim to the said highway funds to the Southern Surety Company of New York, of which the relator is liquidator, while said appeal was pending; that said opinion of the Supreme Court was certified to the clerk of the Noble Circuit Court on January 29, 1932, and that thereafter, said Southern Surety Company of New York petitioned the Noble

Circuit Court to spread said opinion of record, to restate its conclusions of law, and to render a new judgment thereon in accordance with the decision and opinion of the Supreme Court; that said Noble Circuit Court held up action on said motion and petition until May 20, 1933, at which date it ordered said opinion of the Supreme Court spread of record, restated its conclusions of law, and rendered judgment thereon in said cause in favor of said Southern Surety Company, and adjudged among other things that if said Southern Surety Company had paid said claims and judgments it was the owner of and entitled to said highway funds, and left open for subsequent determination, upon proof to be offered in the Noble Circuit Court, the said question as to whether or not said Southern Surety Company had paid said claims and judgments; that within five (5) years from May 20, 1933, this action was brought to determine that question and in this amended complaint it was alleged that the relator herein, as successor of Southern Surety Company of Iowa, is the owner of said funds in controversy and is entitled to be paid said funds in the hands of the treasurer when the litigation was commenced.

The questions involved herein relate mainly as to the tolling of the statutes of limitations during the pendency of said litigation and on appeal to the Appellate and Supreme Courts and pending the determination of the question as to whether or not said surety company had paid said claims and judgments and whether or not the appellant is a proper relator in this action.

To said amended complaint the appellees filed eight paragraphs of answer and also a ninth paragraph of answer by way of cross-complaint, which they later dismissed.

The first paragraph of answer is a general denial.

The second paragraph alleges among other things that said treasurer, while said appeal was pending, and before the appeal bond had been filed, to-wit on the 30th day of March, 1926, paid said funds to said bank in alleged obedience to the original decree of the trial court in said former litigation, and that he did so more than five (5) years before June 23, 1937, the time when this action was commenced.

The third paragraph of answer alleges among other things that in his settlements for the years of 1925, and 1926, with the board of commissioners of said county, said treasurer accounted for all funds in his hands, but that he did not then account for said funds in controversy; did not pay the same over to his successor; and that his failure to report said funds to said board of commissioners or pay said funds to his successors, occurred more than five (5) years before the said June 23, 1937.

The fourth paragraph of answer alleges the same facts as were alleged in the second and third paragraphs of answer, and then alleges among other things that said Southern Surety Company filed its appeal bond and prosecuted its appeal on June 2, 1926; that said appeal was finally decided by the Supreme Court on June 24, 1931, reversing the judgment below in said former litigation, and that said court ordered said funds paid to the clerk to be distributed and applied pro rata on the judgments and claims of said laborers' and materialmen's liens, or to the Southern Surety Company, if it had previously paid said judgments and claims; that thereafter, on January 15, 1932, the Supreme Court denied a rehearing on said original action and the clerk thereof duly certified said opinion to the clerk of the Noble Circuit Court on said date; and that if said former litigation suspended said statute of limi-

tations such suspension ended on January 15, 1932, more than five (5) years before the commencement of this action.

The fifth paragraph of answer was a plea of payment.

The sixth paragraph of answer alleges among other things the filing and pendency of said former litigation and the judgment therein of the trial court ordering said funds paid to said bank; that said treasurer paid the same to said bank as ordered by the judgment of the trial court on March 30, 1926; that said Southern Surety Company took no steps to prevent the enforcement of said judgment of the trial court for the payment of said funds to the bank; and that before said funds were paid to the bank, at the request of said bank, the county auditor obtained the written opinion of the State Board of Accounts advising him that said funds be paid to said bank; and that thereupon on said date, said treasurer paid said funds to said bank; and that none of said funds were ever restored to said treasurer by said bank; and that said treasurer made a full and final accounting on January 1, 1928, to his successor of all funds then in his hands.

The seventh paragraph of answer alleges in substance that if said surety company paid said judgments and claims, it did so with money furnished by one James L. Thompson, its indemnitor on said contracts, and not with its own funds, and hence under the decision of the Supreme Court said funds belong to said bank.

The eighth paragraph of answer alleges among other things that the treasurer paid said funds to said bank on March 30, 1926, pursuant to the judgment of the trial court in said former litigation, all prior to the filing of the appeal bond therein, and before any steps were taken by said surety to stay said payments; that said treasurer and auditor of said county took an in-

demnifying bond from said bank to the effect that if said former judgment of the trial court should be reversed and it should be held that said bank was not entitled to said funds, the said bank would repay said funds to said treasurer within ten (10) days from the date of such reversal of said judgment; that because of the financial crash of 1929, the financial condition of said bank, and the sureties on said indemnity bond was such that they could not repay said funds, and said funds were thereby lost; that because of the delay of said relator in prosecuting this action, the treasurer and his indemnitors have been unable to restore said funds and that they have no opportunity to protect themselves from said loss; that said funds were paid out in good faith, and that the relator had knowledge of the said facts and did not file his action until said June 23, 1937, and that said delay in filing this action was inexcusable; that the relator in good conscience should be estopped from prosecuting this action; and that the five (5) year statute of limitations has run before the commencement of this suit.

As heretofore stated, the ninth paragraph of answer was by way of cross-complaint and was dismissed, and we give it no further attention.

The relator herein demurred separately to each of said second, third, fourth, sixth, seventh and eighth paragraphs of answer; and each of said demurrers were overruled, to each of which rulings of the court the relator at the time excepted.

At the time the court overruled each of said demurrers to each of said answers, the court carried each of said rulings on each of said demurrers back to the amended complaint and sustained each of said demurrers to said amended complaint, to each of which rulings the relator at the time excepted. When the rulings of

the court on said demurrers were made, the relator refused to plead further, whereupon the court entered its finding and judgment that the relator was not entitled to take anything by his action herein and should pay the costs.

This appeal is prosecuted from said judgment.

The errors assigned and relied upon for reversal may be summarized as follows:

Alleged error in overruling said demurrers to each of the second, third, fourth, sixth, seventh, and eighth paragraphs of answer (it should be remembered that the first paragraph of answer was a general denial and the fifth a plea of payment, to each of which no demurrer was addressed); alleged error is also predicated in the carrying back to the amended complaint by the trial court of the rulings on the demurrers to each of said second, third, fourth, sixth, seventh, and eighth paragraphs of answer and in sustaining each of said demurrers to said amended complaint. These various errors assigned present the question not only as to the statute of limitations but also the further question as to whether or not the relator is a proper relator in this action.

The appellees, to meet the alleged errors claimed by the appellant, say that the amended complaint does not state facts sufficient to constitute a cause of action against the appellees, or either of them, and hence that the trial court did not err in carrying the demurrers to the several answers back to the amended complaint and in sustaining them. They call attention to the rule of law in this State that a demurrer to an answer searches the record and questions the sufficiency of the complaint as well as the answer; and when the complaint does not state facts sufficient to constitute a cause of action, the demurrers to the answer should

be carried back and sustained to the complaint. The appellant says that it concedes that rule to be correct.

In support of their contentions, the appellees say first, that the amended complaint does not allege any act on the part of the appellee Cockley that constituted a misappropriation of public funds or a breach of his official bond under the law. They further contend that the relator in this case is not a proper party to sue upon the bond of the said county treasurer. It is next argued that the amended complaint is defective in that it discloses that the cause of action sued on is barred by the statute of limitations, and that facts are not alleged sufficient to toll the running of the said statute. In support of the last contention of the appellees above mentioned, they say that the amended complaint shows that the original judgment of the trial court was finally reversed and set aside on January 29, 1932, and that this action was not filed until more than five (5) years thereafter, and that thereby the action is barred. Taking up the latter contention of the appellees' first, it is to be noticed that the Supreme Court in the original appeal of this cause entitled *Southern Surety Company* v. *Merchants and Farmers Bank of Avilla* (1932), 203 Ind. 173, 195, 199, 176 N. E. 846, 179 N. E. 327, said among other things:

> "This being an equity case, we think the order of the court should have been that the county officials pay said retained fund into court and direct the clerk to apply the same *pro rata* on the labor and materialmen's judgments, as said judgments amounted to more than said fund, and this shall be the order of this court, with the further direction that, in the event said labor and materialmen's judgments have been paid by appellant, then said money to be paid appellant herein.
>
> • • •

"The judgment is reversed, with instructions to the lower court to restate its first and second conclusions of law as herein stated, and render judgment in accordance with this opinion."

In overruling the petition of the appellees in that case for a rehearing, the Supreme Court said at p. 200:

"Appellee, in its petition for a rehearing of this cause, asks that the judgment herein be modified to such an extent as to permit proof to be made as to who actually paid the judgments of laborers and materialmen, if said judgments have, in truth and in fact, been paid. We do not deem this change necessary, as appellee has such a right, under the order of the court as it now stands; and, should it develop that the judgments of laborers and materialmen have, in fact, been paid, and by some one other than the appellant herein, then, and in that event, appellant would have no interest in the money in controversy, and appellee would be entitled to same."

It is true that the judgment of the Supreme Court in said matter was certified to the Noble Circuit Court on January 29, 1932. It is also true that appellant's predecessor surety company petitioned the Noble Circuit Court on March 15, 1932, asking said court to conform to the Supreme Court's mandate, but that said Noble Circuit Court held up said compliance with said mandate until May 20, 1933, at which time it ordered spread of record said judgment and opinion of the Supreme Court and restated its first and second conclusions of law and rendered judgment thereon. The judgment as finally entered by the Noble Circuit Court on May 20, 1933, still left open the question as to whether or not said Southern Surety Company had paid said judgments heretofore mentioned and was entitled to recover the funds in controversy. Said final judgment of the Noble Circuit Court contains the following:

". . . provided, however, if said judgments have been or shall be paid by the plaintiff, Southern Surety Company, before said funds shall have been paid to and applied by the Clerk to the payment of said judgments, then the Clerk is directed to pay said funds to the plaintiff, Southern Surety Company; and if said judgments have been paid by some one other than the plaintiff, Southern Surety Company, then the Clerk is directed to pay said funds to the defendant, Merchants and Farmers Bank of Avilla, Indiana.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT, THAT THE PARTIES TO THIS ACTION MAY HEREAFTER IN THIS CASE OFFER EVIDENCE FOR THE PURPOSE OF DETERMINING WHETHER SAID JUDGMENTS HEREINBEFORE REFERRED TO HAVE BEEN PAID, AND IF PAID, BY WHOM PAID, AND FOR THE PURPOSE OF DETERMINING TO WHOM SAID MONEYS PAID INTO THE CLERK'S OFFICE, SHALL BE PAID BY THE CLERK UNDER THIS JUDGMENT AND DECREE."

This action was brought June 23, 1937, which was within five (5) years from May 20, 1933, when said above judgment was entered in the Noble Circuit Court. We think that the rule in this State is well settled that where a litigant is prevented from enforcing his remedy during the pendency of legal proceedings, the time during which he is thus prevented will not be counted against him in determining whether a statute of limitations has barred his action. His action does not accrue until he has the right, power and ability to sue; and until then the statute of limitations is tolled, stayed and suspended. One of the purposes of the present cause of action in the trial court was to determine the exact question judicially as to who actually paid the said claims and judgments heretofore mentioned. This was within the purview of the judg-

ment entered by the Supreme Court and in furtherance of it. We do not believe that the statute of limitations relied upon by the appellees has barred the claim of the appellants.

For authorities on the statute of limitations see: *City of Fort Wayne* v. *Hamilton* (1892), 132 Ind. 487, 32 N.E. 324, 32 Am. St. 263; *Heckman* v. *Kassing, Admr.* (1921), 76 Ind. App. 401, 132 N. E. 379. Many other cases could be cited.

It will be also seen that the said county treasurer, who was a party-litigant all through those proceedings, made no objection whatever to the final judgment and decree of the Noble Circuit Court heretofore set out. We do not think that he is now in a position to make any such objection. If he had a defense to the effect that he had paid this money rightfully, pending appeal, over to the said bank, he then should have called that fact to the attention of the trial court; and not having done so, that court directed that he should pay the money that was in his hands at the time of the original judgment in the trial court over to the clerk of that court, who was directed in said judgment to pay the same to the Southern Surety Company, if said judgments and claims had not been paid by some other person, but that if said judgments and claims had not been paid by said Southern Surety Company, the clerk was to pay said funds to the said bank. The court, as heretofore pointed out, further ordered that "the parties to this action may hereafter in this case offer evidence for the purpose of determining whether said judgments hereinbefore referred to have been paid, and if paid, by whom paid, and for the purpose of determining to whom said moneys paid into the Clerk's office, shall be paid by the Clerk under this judgment and decree."

In the proceedings before the Supreme Court in the appeal of the original action heretofore referred to, that court evidently had no intimation whatever that, pending the perfecting of the appeal, Cockley had paid the money in controversy over to the bank. We quote from the opinion of the Supreme Court, *Southern Surety Company* v. *Merchants and Farmers Bank, supra,* at p. 195, as follows:

"It is stated by both appellant and appellee that, while the county officials filed answer in general denial, they were taking no part in this appeal, and were willing to pay the money as the court directed, which is, for all purposes in this case, as though they had paid it into court, as is usually done."

Quoting again from the same opinion, the Supreme Court said at p. 193:

"The money now in controversy is in the hands of the county by virtue of the above provisions of the statute and conditions of the construction contracts."

There could be no doubt whatever but that the judgment of the Supreme Court was based upon what it was led to believe to be the fact, that the money was still under the control of the county. Cockley made no representations to the Supreme Court in said litigation that he had paid the money over to the bank as he now contends, nor did he make any such showing or representation in the trial court on May 20, 1933, when that court entered its judgment in said matter.

Under these circumstances, it is our opinion that the eighth paragraph of answer of the treasurer, Cockley, is not a sufficient answer to the amended complaint; and the demurrer to it should have been sustained.

The next question for determination is whether or not the relator is a proper party to sue in this cause of action. We think he was and is. If he eventually makes proof that his surety company or its predecessor paid these claims and judgments, then clearly, under the order and judgment of the Supreme Court, he is entitled to the money in controversy represented by whatever claims and judgments were thus paid. We think he is a proper relator. ' See *Massachusetts, etc. Ins. Co.* v. *State, ex rel.* (1922), 191 Ind. 595, 131 N. E. 398.

It is our conclusion that the amended complaint states a cause of action, and that the ruling of the court in carrying said demurrers addressed to said paragraphs of answer back to the amended complaint and in sustaining them was error. The appellee also contends vigorously that pending the appeal of the original action, the said treasurer had the legal right to pay the said money over to the said bank. We do not share that view. It is true that the former decisions, to the effect that a county treasurer is an insurer of the funds and moneys in his care, have been in a large measure relaxed by the public depositary law as contended for by the appellee; but as we view this case, the public depositary law has no bearing in the instant case. The amended complaint does not allege that Cockley deposited this money in the bank, under the depositary law, nor do the said answers so allege, but on the contrary it is alleged that he simply paid it over to the bank pending an appeal to which he was a party. In this act and for the reasons heretofore stated, we have concluded that he is not exempted from paying it over to the proper party as ordered by the Supreme Court and as finally ordered by the Noble

Circuit Court, all of which was done without any objection on his part and while he was a party thereto.

The amended complaint sets out a copy of the original bond of Cockley as county treasurer, and from the body of which we quote as follows:

"Whereas, the above named and bounden John Herbert Cockley has been duly elected and commissioned Treasurer for Noble County, in the State of Indiana, aforesaid, for the term of Two (2) years from the first day of January, A.D. 1926. Now if the said John Herbert Cockley shall faithfully perform and discharge his duties as such Treasurer and pay over on demand to the persons entitled or authorized to receive the same, all moneys that may come into his hands as such Treasurer during his continuance in office; and, further, that the Legislature may change, modify or repeal any law now in force, and enact any and all laws during the existence of the above obligation at the pleasure of the Legislature without in any way or manner releasing the officer or his said sureties on said bond; then, and in that case the above obligation shall cease, be null and void, otherwise to be and to remain in full force and virtue."

The cases are clear that where an official bond is given such as Cockley gave, the liability is measured by the terms of the bond itself. *Halbert* v. *State ex rel, Board, etc.* (1864), 22 Ind. 125; *Linville* v. *Leininger* (1880), 72 Ind. 491; *Hiatt* v. *State ex rel. Kitselman* (1887), 110 Ind. 472, 474, 11 N. E. 359; *McCleland* v. *State ex rel.* (1894), 138 Ind. 321, 37 N. E. 1089; *Fry* v. *Coovert* (1911), 47 Ind. App. 598, 94 N. E. 1014.

Under these decisions, it seems clear that the obligation of his bond was not met in the manner for which Cockley contends. The decision of the Supreme Court heretofore mentioned, and the final decision of

the trial court, would be in a large measure nullified by a holding herein that Cockley and his surety on his bond are discharged by reason of the fact of his payment of the money over to the bank as he alleges in his answer. He himself recognizes that his action in paying the money over to the bank was dangerous. His answer alleges that he took an indemnifying bond to protect him in such action, but he further contends that since he took such bond and since the sureties on the said bond have become insolvent, that he himself should be discharged. The fact that he rushed in, eight (8) days after the original judgment was rendered, before the appeal bond was actually filed and approved by the court can make no difference.

The appellant concedes that the appellees are correct in the general statement that a judgment of a lower court is conclusive upon the parties until reversed on appeal, but says that the cases cited by the appellee in support of that proposition are not applicable to the facts of the instant case as shown by the pleadings, and that under the authorities the treasurer, Cockley, had no right or authority under his bond to pay over said monies to the bank pending the final determination of the cause. Under the authorities, we think the appellant is correct in this latter contention.

What we have hereto said in effect also disposes of the question as to the rulings on the demurrers to each of the other paragraphs of answer in so far as they rely upon the statute of limitations.

Paragraph seven of the answer relates to other matters and should be allowed to stand, so that all of the facts set up in the paragraph may be presented upon the trial of the case.

Paragraph six of the answer relied upon the fact that the county auditor had obtained a written opinion of the State Board of Accounts, advising that said funds could be paid to said bank. This was not a legal justification for the treasurer to pay said funds to the bank; and neither is it a sufficient answer to the amended complaint for the reasons stated herein. The demurrer to it should have been sustained.

The judgment is reversed with instructions to sustain the demurrers to each of the second, third, fourth, sixth and eighth paragraphs of answer, to overrule the demurrer as to the seventh paragraph of answer, and to overrule the demurrers to the amended complaint, and for further proceedings not inconsistent herewith.

## STATEMENT ON REHEARING.

CURTIS, J.—The appellees, in their petition for rehearing, vigorously contend that the next to the last grammatical paragraph of opinion is incomplete. We think that a careful reading of the opinion and its context makes the paragraph perfectly clear, but since the appellees think it isn't clear, we now substitute for that paragraph the following:

"As previously stated in detail in the opinion, Paragraph 6 of the answer relied upon the said judgment and upon the fact that the County Auditor had obtained a written opinion of the State Board of Accounts advising that said funds could be paid said bank. Neither the allegations as to said judgment nor those in reference to the said opinion, nor both, constitute a good cause of defense to the amended complaint. The demurrer to said paragraph should have been sustained."

NOTE.—Reported in 37 N. E. (2d) 284.