**UNITED STATES of America, Appellant,**

v.

**Nell MILLS, Appellee.**

**No. 8739.**

United States Court of Appeals Tenth Circuit.

Dec. 27, 1966.

Rehearing Denied March 22, 1967.

694

Martin T. Goldblum, Attorney, Dept. of Justice (Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson and David O. Walter, Attorneys, Dept. of Justice, on the brief), for appellant.

Jay W. Whitney, Tulsa, Okl. (Robert E. Jones, Tulsa, Okl., on the brief), for appellee.

Before BREITENSTEIN and HILL, Circuit Judges, and KERR, District Judge.

HILL, Circuit Judge.

The government has appealed from a summary judgment rendered against it in an action brought to recover income taxes alleged to have been illegally assessed and collected.

Appellee here, who was the plaintiff below, was divorced from her husband on August 24, 1959. Prior to the divorce, and in contemplation of the husband filing such an action, appellee and her husband entered into an agreement, whereby the husband agreed to pay the total amount of $90,000.00 to appellee, with $30,000 of such amount to be paid at the time a divorce was granted and the sum of $4,000.00 to be paid each year until the full amount is paid. Settlement payments were thus extended over a period of fifteen years beyond the date of the divorce decree. A divorce was granted on October 24, 1959, the $30,000.00 was then paid and the $4,-000.00 annual payments were made for the ensuing years 1960 and 1961. Appellee did not include these amounts in her federal income tax returns for those years. The Commissioner, under 26 U.S.C. § 71, determined $9,000.00 of the amount paid in 1959 was returnable income and all the amounts paid in 1960 and 1961 should have been returned. Deficiencies were assessed and paid by appellee, who then filed for refunds. They were denied and this action was brought by the taxpayer.

The government answered and then filed its motion for summary judgment, which was denied by the trial court. The order entered on this motion was denominated "Order Dismissing Defendant's Motion for Summary Judgment" and contained detailed findings of fact and conclusions of law. This order was entered April 30, 1965. On May 4, without any further notice to the parties, the court entered what was purported to be a final judgment adjudicating the merits of the case, making reference therein to the previous findings and conclusions made by the court and gave plaintiff a judgment as she had prayed for. This judgment was thereafter set aside and vacated after the government had so moved and upon agreement between counsel. On the same day the judgment was vacated plaintiff-taxpayer filed a motion for summary judgment and alleged there was no genuine issue as to any material fact. She also stated the motion was based on the pleadings, exhibits and the findings of fact and conclusions of law theretofore entered by the court. Plaintiff's affidavit, setting out certain facts concerning the marital history of plaintiff and her husband particularly with reference to the accumulation of property during the marriage, was filed in support of this motion.

The government resisted the motion by a formal pleading, denying the statement that no genuine material issue of fact existed. After that it filed a second formal pleading opposing plaintiff's motion for summary judgment and supported it with an affidavit signed by plaintiff's former husband controverting many of the facts alleged by plaintiff in her affidavit.

The sole question presented concerns the propriety of the court's action in granting plaintiff a summary judgment and denying appellant the right to an evidentiary hearing on the factual issues involved. We do not propose to go into the merits of the case except insofar as necessary to dispose of the procedural question.

The government's motion for summary judgment under Rule 56, F.R.Civ.P., urged the legal theory that upon a divorce, if the payments to be made by a husband to his wife are extended over a period exceeding ten years, that factor alone makes such payments taxable income to the wife. The trial judge rejected this legal theory and denied the motion because he believed another factor must be considered, i. e., the payments must be in discharge of the husband's obligation of support. In over-

ruling the motion, the court proceeded to make extensive findings of fact covering the crucial, triable facts of the case,[1] which he subsequently relied upon in sustaining the plaintiff's motion for summary judgment.

At the time the government filed its motion for summary judgment a complaint had been filed with certain exhibits attached and the government had answered by specifically denying certain parts of the complaint and admitting other parts. Under such circumstances, a motion for summary judgment is no more than "functionally equivalent to a motion to dismiss for failure to state a claim under Rule 12(b) (6) or a motion for judgment on the pleadings under Rule 12(c)."[2] No necessity or reason existed for the court to make findings of fact.

No pretrial conference was held in the case, which would have been a worthwhile procedure, so we must look at the entire record to determine what factual issues, if any, existed in the case when the order appealed from was entered. From the record, including the affidavits on file, it is apparent the parties were in factual disagreement as to whether the settlement payments were made as alimony and support or in consideration for the wife's transfer of her property interests. That was the gist of the lawsuit.

In granting plaintiff's motion, the court proceeded on several erroneous legal theories.[3] First, he pointed out defendant was precluded then from claiming the existence of any material factual issue because in its previous motion it had alleged none existed; and, second the affidavit of plaintiff's former husband, filed by the government, was not entitled to consideration because it was at variance with the settlement agreement. The trial judge also placed

1. Paragraph 4 of these Findings of Fact provided:
"The payments received by plaintiff from her husband under the property division contract were not made in discharge of his legal obligation arising out of the marriage, but on the other hand were payments made to her for relinquishment of her interest in the property, including the homestead, jointly acquired by the parties. Said payments were not alimony, nor were they periodic payments of alimony."

2. 6 Moore, Federal Practice § 56.11[1.–1] at page 2144.

3. The court granted plaintiff's motion for summary judgment on the following basis:
"The Court: Well, this Court has already had a hearing and the Court entered a default judgment and set it aside at the request of the Government, and the Court finds that the Defendant is seeking to have the Court redetermine questions of fact and law which have already been decided by the facts in overruling the Government's Motion for Summary Judgment. The Government filed its Motion alleging that there was no genuine issue as to any material fact and that the Defendant was entitled to judgment as a matter of law. This was in your Summary Judgment heretofore filed, and the Court at that time found the facts to be as admitted by the Government in his [sic] brief, but held against the Government on the question of law involved. The Government cannot now change its position [sic] and claim there are genuine issues of material facts.
"The affidavit of Eranest [sic] Mills adds nothing to the facts in issue. It merely contains some selfserving statements based on Earnest Mills [sic] view of the facts, which conclusions, incidentally, of law, are contrary to the statements set out in the settlement agreement which Mills signed. His statement that Mrs. Mills owned no interest in the property would not be admissible as evidence as it varies and is contrary to the terms of the written settlement agreement. Furthermore, his statement that the attorney who prepared the settlement was representing both parties in the controversy is not born [sic] out by the proceedings in the divorce case. In fact, the Court asked Mrs. Mills at the time if she wanted an attorney and she said she had none and she didn't want any, in the Court record. He was not representing Mrs. Mills.
"The Motion for Summary Judgment of the Plaintiff's is sustained and judgment is entered to the Plaintiff for refund of taxes paid under protest."

some importance upon the fact appellee did not have independent legal advice in connection with the settlement agreement.

As the trial judge stated, the government, in its motion for summary judgment, recited that no genuine material factual issue existed. However, this position was taken only for the purpose of presenting a legal theory, which, if accepted by the court, would entitle the government to a judgment. The court did not accept the government's theory and thus refused to grant summary judgment. The court did, however, proceed to make findings of fact and incorporate those findings in its order dismissing the government's motion. However, the findings made were not warranted because there was "substantial controversy" about the facts. Rule 56(d), F.R.Civ.P., 28 U.S.C. "The Court will not, of course, make an order under Rule 56(d) establishing a fact about which there is a genuine controversy." [4]

The Mills' affidavit rejected by the court was entitled to consideration in determining the existence of any genuine material fact because the real substance of the settlement agreement and the actual intent of the parties control rather than nomenclature or formal provisions of the agreement or divorce decree.[5] Neither did the facts surrounding the legal representation, or lack of it, as to the husband and wife serve as a basis for the court to reject the affidavit.

The trial court's reliance upon his previously made findings of fact was ill founded because it was improper at that stage of the case to make findings of fact upon controverted issues in the case. Such findings must await an evidentiary hearing, with all parties given an opportunity to be fully heard.

The summary judgment entered in favor of appellee is set aside and the case is remanded for further proceedings consistent with this opinion, including an evidentiary hearing upon the factual issues of the case.

---

4. 3 Barron & Holtzoff, Federal Practice and Procedure, § 1241 at page 189.

5. Bardwell v. C. I. R., 10 Cir., 318 F.2d 786, 789 and cases there cited; Taylor v. Campbell, 5 Cir., 335 F.2d 841, 845.