**Jerry Lynn JESSEE, Appellant
(Defendant),**

v.

**The STATE of Wyoming, Appellee
(Plaintiff).**

No. 5524.

Supreme Court of Wyoming.

April 7, 1982.

ORDER DENYING REHEARING

The court having given the matter careful attention, it is

ORDERED that appellant's Petition for Rehearing, 640 P.2d 56, be, and is, denied.

ROSE, C. J., and THOMAS, J., each filed dissenting remarks.

ROSE, Chief Justice, dissenting.

I would join Justice Thomas' dissent to the refusal to grant the petition for rehearing, with these following remarks:

I think the majority has clearly committed a constitutional error as indicated by fn.5 in the majority and the discussion of plain-view seizure by the minority in *Washington v. Chrisman,* —— U.S. ——, 102 S.Ct. 812, 70 L.Ed.2d 778 (1982). Incidentally, the minority's discussion of plain-view seizure is in all ways compatible with the majority position on that issue.

These writings so uniquely point to the probability that the United States Supreme Court would reverse the majority opinion if given the opportunity, that I think we should ourselves review and reconsider the case.

I must say parenthetically that these opinions also point to the fact that the United States Supreme Court seems to regard the exclusionary rule as continuing to be vital, alive and applicable—contrary to the way that Justice Thomas would hold as expressed in his specially concurring opinion.

I would have granted the petition for rehearing.

THOMAS, Justice, dissenting, with whom ROSE, Chief Justice, joins.

I am convinced that our court should grant the Petition for Rehearing which has been filed in this case. I am persuaded to do so, not so much by the authority presented in the Brief in Support of Applicant's Petition for Rehearing but by extraneous events.

The Supreme Court of the United States, in the case of *Washington v. Chrisman,* —— U.S. ——, 102 S.Ct. 812, 70 L.Ed.2d 778 (decided 1982), reversed the Supreme Court of Washington in *State v. Chrisman,* 94 Wash.2d 711, 619 P.2d 971 (1980), cited in my concurring opinion previously filed. While concluding that the officer in *Washington v. Chrisman,* supra, was lawfully in the dormitory room, the majority of the Supreme Court of the United States said in footnote 5, which concededly is dictum:

"The circumstances of this case distinguish it significantly from one in which an officer, who happens to pass by chance an open doorway to a residence, observes what he believes to be contraband inside. See, e.g., *Payton v. New York,* 445 U.S. 573, 585–589 [100 S.Ct. 1371, 1379–1381, 63 L.Ed.2d 639] (1980); *Johnson v. United States,* 333 U.S. 10, 14–15, 68 S.Ct. 367, 369, 92 L.Ed. 436 (1948)."

For me this handwriting on the wall is too clear to justify any conclusion other than the conclusion that *Jessee v. State,* 640 P.2d 56 (Wyo., decided 1982) would be reversed if it came to the attention of the Supreme Court of the United States. Since I am so persuaded I believe that we should grant the Petition for Rehearing and take another look at this situation. Despite the claim of exigent circumstances I think the reference to "an officer, who happens to pass by chance an open doorway to a residence" aptly describes what occurred in this case. It would seem from the comments of the minority members of the Supreme Court of the United States in *Washington v. Chrisman,* supra, that all nine of those Justices would hold that this search violates the provisions of the Constitution of the United States.