**Johnny Franklin LAFFERTY, Appellant (Plaintiff),**

v.

**Officer Mark S. NICKEL, Officer Rich Patton, Reserve Officer Brite and the Town of Mills, Wyoming, Appellees (Defendants).**

No. 5758.

Supreme Court of Wyoming.

May 9, 1983.

* Became Chief Justice on January 1, 1983.

** Chief Justice at time of oral argument.

Kenneth R. Marken, Casper, for appellant.

James W. Owens and Jo Sherman of Murane & Bostwick, Casper, for appellees.

Before ROONEY *, C.J., and RAPER, THOMAS, ROSE **, and BROWN, JJ.

ROONEY, Chief Justice.

On November 27, 1981, Johnny Franklin Lafferty, appellant-plaintiff, filed a civil action against Officer Mark S. Nickel, Officer Rich Patton, Reserve Officer Brite, and the Town of Mills, appellees-defendants, alleging that appellees were liable for various torts and civil rights violations arising out of appellant's March 24, 1979, arrest. Appellees moved for summary judgment, relying on the pleadings. The district court granted appellees' motion for summary judgment [1] finding that the statutes of limitations applicable to appellant's claims for relief had run and that the Town of Mills was protected from appellant's claims by the doctrine of sovereign immunity. On appeal, appellant words the issues as follows:

"A. Did the District Court err in granting Appellees' Motion for Summary Judgment on grounds that Appellant's claims were barred by statutes of limitations where the Appellant's pleadings alleged and Appellees' Answer denied the existence of a material fact underlying the application of said statutes, and where Appellees' Motion was otherwise unsupported by Affidavits or discovery materials?

"B. Does the applicability of the Wyoming Governmental Claims Act extend the liability of the Appellee law enforcement officers for the torts of assault, battery, malicious prosecution, and/or false imprisonment beyond the one-year statute of limitations provided by Wyoming Statute § 1–3–105(a)(v), (1977)?

1. The district court dismissed without prejudice appellant's claim of unlawful conversion made against the officers.

"C. Is the Appellee Town of Mills shielded from any or all of Appellant's claims by the Doctrine of Sovereign Immunity?"

We agree with the district court that appellant's claims for relief were barred by the applicable statutes of limitations and we affirm.

The grant of a motion for summary judgment requires the district court to make the dual determinations "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), W.R.C.P. As a general rule, motions for summary judgment are to be supported by competent evidence admissible at trial, and we are required to examine that evidence from a viewpoint most favorable to the party opposing the motion in making the determination of whether or not there is a genuine issue as to a material fact. *Hyatt v. Big Horn School District No. 4,* Wyo., 636 P.2d 525, 528 (1981); and *Bancroft v. Jagusch,* Wyo., 611 P.2d 819, 820 (1980). Of course, a motion for summary judgment is proper where a question of law is prescribed and there is no factual dispute. *Mason v. Laramie Rivers Company,* Wyo., 490 P.2d 1062, 1065 (1971); *Fugate v. Mayor and City Council of Town of Buffalo,* Wyo., 348 P.2d 76, 81, 97 A.L.R.2d 243 (1959).

In this case appellees based their motion for summary judgment on the pleadings without providing any other competent evidence to support the motion. In this posture appellees' motion for summary judgment is equivalent to either a motion to dismiss for failure to state a claim upon which relief can be granted made pursuant to Rule 12(b)(6), W.R.C.P., or a motion for a judgment on the pleadings made pursuant to Rule 12(c), W.R.C.P. *Schwartz v. Compagnie General Transatlantique,* 405 F.2d 270, 273 (2nd Cir.1968); *United States v.*

*Mills,* 372 F.2d 693, 696 (10th Cir.1966); *Parker v. DeKalb Chrysler Plymouth,* 459 F.Supp. 184, 187 (D.C.Ga.1978), aff'd 673 F.2d 1178 (11th Cir.1982); 6 Moore's Federal Practice, ¶¶ 56.02[3], pp. 56–29, 56.11[3], p. 56–229. Therefore, for the purpose of this appeal the facts alleged in the complaint are deemed admitted and the allegations contained therein are viewed in a light most favorable to the appellant. *Moxley v. Laramie Builders, Inc.,* Wyo., 600 P.2d 733, 734 (1979); *State Highway Commission v. Bourne,* Wyo., 425 P.2d 59, 63 (1967).

Appellant's complaint consists of five separate claims—the first claim alleges various tortious acts on the part of appellees and the second through fifth claims allege various civil rights violations.

The sequence of events upon which appellant predicates his claims are: He was stopped, arrested and jailed on March 24, 1979, for two violations of the municipal ordinances of the Town of Mills. His imprisonment ended approximately twelve hours after arrest on March 25, 1979. He was formally charged on March 26, 1979, and was convicted after a trial on April 30, 1979. On May 10, 1979, a formal judgment and sentence was entered. Appellant appealed his convictions to the district court and the convictions were reversed on November 29, 1979.[2] Appellant filed the present civil action on November 27, 1981, more than two years after his arrest, imprisonment, and conviction, but within two years of the district court's reversal of his conviction in municipal court.

Because we accept as true the allegations contained in appellant's complaint, the question presented is whether or not as a matter of law the applicable statutes of limitations periods had run when appellant filed his complaint on November 27, 1981.[3]

**2.** In his brief, appellant argues that the district court should have taken judicial notice of this reversal and that its failure to do so left a genuine issue of material fact precluding the grant of summary judgment. However, as noted above, we accept as true the allegations contained in appellant's complaint for the purposes of this appeal including appellant's alle-

gation concerning the date his convictions were reversed.

**3.** Service of the complaint on each of the defendants was made within sixty days after the filing of the complaint. Therefore, the action is deemed commenced on the date of the filing of

Because appellant's complaint alleged claims for relief based on common-law tort principles and on civil rights violations under 42 U.S.C. §§ 1983 and 1985, and because appellant has advanced separate arguments concerning the statute of limitations applicable to each, we will treat each argument separately.

LIMITATIONS—CIVIL RIGHTS CLAIMS

The claims based on the federal civil rights statutes, 42 U.S.C. §§ 1983, 1985, are governed by the two-year statute of limitations period contained in § 1–3–115, W.S. 1977. *Spiegel v. School District No. 1, Laramie County,* 600 F.2d 264, 265–266 (10th Cir.1979). Section 1–3–115 provides as follows:

"All actions upon a liability created by a federal statute, other than a forfeiture or penalty, for which no period of limitations is provided in such statute, shall be commenced within two (2) years after the cause of action has accrued."

Appellant concedes that the appellees' actions giving rise to appellant's claims for relief which were based on alleged civil rights violations occurred between March and May of 1979, more than two years before he filed his action, but argues that the municipal court convictions effectively estopped him from pursuing his civil claims because of the implicit finding of probable cause in those convictions. Therefore, he contends that either the claims did not accrue until the reversal of his municipal court convictions or the convictions tolled the running of the statutes of limitations until such reversal.

A claim for relief accrues or arises:

" ' * * * when that person first comes to a right to bring an action. A cause of action implies that there is some person in existence who can bring suit, and also a person who can lawfully be sued. Again, when a wrong has been committed, or a breach of duty has occurred, the cause of action has accrued, although the claimant may be ignorant of it. A cause the complaint for purposes of statutes of limita-

of action does not accrue until the existence of such a state of things as will enable a person having the proper relations to the property or persons concerned to bring an action. * * * ' " *Cantonwine v. Fehling,* Wyo., 582 P.2d 592, 596 (1978), quoting from *Bliler v. Boswell,* 9 Wyo. 57, 72–73, 59 P. 798, 803 reh. denied 9 Wyo. 80, 61 P. 867 (1900).

In this case the actions giving rise to the alleged civil rights violations arose upon appellant's arrest, confinement, and prosecution in March of 1979. At that time, appellant had a cause of action which could be brought against appellees. See: *Rodarte v. City of Riverton,* Wyo., 552 P.2d 1245 (1976). Appellant's causes of action based on appellees' alleged civil rights violations occurred in March of 1979 and the two-year statute of limitations period began to run at that point. Therefore, unless the statute of limitations was tolled, it expired prior to appellant's filing of his complaint barring his action.

In support of appellant's contention that the running of the statutes of limitations was tolled during the pendency of the municipal court criminal proceedings and until the district court's reversal of the conviction resulting from those proceedings, he relies on *Keith v. Schiefen-Stockham Insurance Agency, Inc.,* 209 Kan. 537, 498 P.2d 265 (1972), and *Hoover v. Galbraith,* 7 Cal.3d 519, 102 Cal.Rptr. 733, 498 P.2d 981 (1972). However, these cases are easily distinguishable.

In *Keith,* supra, plaintiffs filed an action against an insurance broker for failure to procure worker's compensation coverage for the employer of the plaintiffs' decedents after plaintiffs' claims for worker's compensation were denied. The court held that the action sounded in both contract and tort and went on to say at page 272 of 498 P.2d:

" * * * Plaintiffs were effectively prevented from suing defendants [on a contract theory] until it was finally determined in *Otta v. Johnson,* supra [204 Kan. 366, 461 P.2d 758], that insurance had not been procured, nor an election caused to tions. Rule 3(b), W.R.C.P.

be filed, and with respect to the action sounding in tort actual damages did not result until a final determination of those matters."

In this case, it is unnecessary to wait for a determination as to whether or not insurance had actually been procured or to wait for the damages to result. Contract provisions are not here present for determination and the alleged damages occurred when the civil rights were alleged to have been violated.

In *Hoover,* supra, a judgment creditor brought an action against the former directors of a defunct corporation to collect on a judgment debt of the corporation. The court held that the judgment creditor could take no action against the director until the appeal of the judgment against the corporation was final because he was not a judgment creditor until that time. A similar situation does not here exist.

In *Singleton v. City of New York,* 632 F.2d 185 (2nd Cir.1980), cert. denied 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981), the issue was presented as to whether or not the pendency of criminal charges against Singleton tolled the statute of limitations applicable to his civil rights action brought pursuant to 42 U.S.C. § 1983. Singleton's civil rights claims arose out of the same incident as the criminal charges. The court held that the statute of limitations was not tolled during the pendency of the criminal proceedings. The same conclusion was reached in *Rinehart v. Locke,* 454 F.2d 313 (7th Cir.1971), and in *Strung v. Anderson,* 452 F.2d 632 (9th Cir.1971). Cf. *Spiegel,* supra.

Appellant also refers to the holding of *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), to sustain his contention that the statute of limitations is tolled pending a final decision in a criminal case. The plaintiff there filed a civil rights action pursuant to 42 U.S.C. § 1983 alleging liability by the defendants for an illegal search and seizure. The search and seizure question had been previously addressed on the plaintiff's criminal case wherein plaintiff was convicted and the conviction was af-

firmed. The Supreme Court held that a litigant may be collaterally estopped from raising an issue in his civil rights action if that issue has been fully and fairly litigated in a prior state court criminal proceeding, but the court did not address the question before us.

In *Singleton v. City of New York,* supra, the court commented on the better procedure to be followed in those instances in which an action for violation of civil rights *had been filed* but could not be processed until facts pertaining to it were finally determined in a pending criminal action:

" * * * As suggested by the Fifth Circuit, the better course in situations where the district court feels compelled to abstain is to stay, rather than dismiss, the § 1983 action so that the plaintiff is protected from a possible statute of limitations bar to the § 1983 suit. *Conner v. Pickett,* 552 F.2d 585 (5th Cir.1977) (per curiam); see also *Mastracchio v. Ricci,* 498 F.2d 1257 (1st Cir.1974), cert. denied, 420 U.S. 909, 95 S.Ct. 828, 42 L.Ed.2d 838 (1975) (§ 1983 suit stayed 'by agreement of counsel' pending outcome of state criminal proceedings); *Fulford v. Klein,* 529 F.2d 377 (5th Cir.1976), affd. en banc, 550 F.2d 342 (5th Cir.1977). Accord, *Zurek v. Woodbury,* 446 F.Supp. 1149, 1152 (N.D. Ill.1978)." 632 F.2d at 193.

■ Appellant's civil rights claims based on his March 24, 1979 arrest accrued at that time, and the applicable two-year statute of limitations was not tolled during the pendency of the criminal prosecution. Inasmuch as appellant's action was not filed until more than two years after his claims accrued, they are barred.

## LIMITATIONS—TORT CLAIMS

Appellant's complaint also alleged claims for relief based on assault and battery, malicious prosecution and false imprisonment committed by the law enforcement officers acting within the scope of their duties. The applicable statute of limitations for these claims provides in pertinent part:

"(a) Civil actions other than for the recovery of real property can only be brought within the following periods after the cause of action accrues:

&ast; &ast; &ast; &ast; &ast; &ast;

"(v) *Within one (1) year,* an action for:
"(A) Libel or slander;
"(B) Assault or battery;
"(C) Malicious prosecution or false imprisonment; or
"(D) Upon a statute for a penalty or forfeiture, except that if a different limitation is prescribed in the statute by which the remedy is given the action shall be brought within the period prescribed by the statute." (Emphasis added.) Section 1–3–105(a)(v), W.S. 1977.

Without more, these claims are clearly barred since appellant's complaint was filed on November 27, 1981, more than two years after the occurrences upon which such claims were based.

■ Appellant argues, however, that the Wyoming Governmental Claims Act, § 1–39–101 et seq., W.S.1977, Cum.Supp.1982, provides a three-year[4] statute of limitations for an action "resulting from tortious conduct of law enforcement officers while acting within the scope of their duties." Section 1–39–112, W.S.1977, Cum.Supp. 1982. Assuming that appellant's tort claims are subject to the Wyoming Governmental Claims Act[5], they were not properly processed under it. Appellant relies on the notice provision of § 1–39–113, supra, fn. 4, to extend the statutes of limitations period. That section requires notice of the claim to be given the government entity within two years of the alleged act, error or omission unless it was not discoverable or not discovered despite the exercise of due diligence within two years of the act, error or omission. The failure to timely notify the government entity precludes the claimant from bringing an action under the Wyoming Governmental Claims Act. Section 1–39–113, supra, fn. 4.

In this case appellant concedes that the actions of which he complains occurred in March, April, and May of 1979 and were discovered within two years of their occurrence. Therefore, appellant was required to present his claim to the Town of Mills not later than May 1981 in order to preserve his right to bring an action under the Wyoming Governmental Claims Act. Appellant did not file his claim with the Town of Mills until November 25, 1981, more than two years after the date of the alleged actions, and he is precluded by § 1–39–113(a), supra, fn. 4, from bringing an action under the Wyoming Governmental Claims Act.

Our holding that appellant's civil rights claims are barred by the applicable statutes of limitations period and that appellant's tort claims may not be brought because of appellant's failure to timely file a claim with the Town of Mills, makes it unneces-

4. He reaches this three-year figure by adding the one-year limitation in § 1–39–114, W.S. 1977, Cum.Supp.1982, to the two-year notice provision in § 1–39–113, W.S.1977, Cum.Supp. 1982. Section 1–39–113 provides in pertinent part:

"(a) No action shall be brought under this act against a governmental entity unless the claim upon which the action is based is presented to the entity as an itemized statement in writing within two (2) years of the date of the alleged act, error or omission, except that a cause of action may be instituted not more than two (2) years after discovery of the alleged act, error or omission, if the claimant can establish that the alleged act, error or omission was:

"(i) Not reasonably discoverable within a two (2) year period; or

"(ii) The claimant failed to discover the alleged act, error or omission within the two (2) year period despite the exercise of due diligence."

Section 1–39–114 provides in pertinent part: "Except as otherwise provided, actions against a governmental entity or a public employee acting within the scope of his duties for torts occurring after June 30, 1979 which are subject to this act shall be forever barred unless commenced within one (1) year after the date the claim is filed pursuant to W.S. 1–39–113. &ast; &ast; &ast;"

5. Without this assumption appellant's tort claims clearly would be barred by the one-year limitation period applicable to these causes. See § 1–3–105(a)(v), supra.

sary to address the third issue raised by appellant.

Affirmed.

THOMAS, Justice, specially concurring.

I concur in the result of this case as announced in the majority opinion. I would prefer, however, that the court espouse for such instances a tolling rule with respect to the statute of limitations because it seems to me that there is a likelihood of situations arising in which the accused person would be foreclosed by the doctrines of res judicata and collateral estoppel from pursuing his civil action by virtue of a criminal conviction which ultimately might be set aside. If that reversal occurred after the statute of limitations for his civil action had run he would be effectively denied a remedy for the wrong. Because his opportunity for pursuing the civil action prior to conviction would be practically limited in many instances, I am not satisfied that the rule espoused by the majority opinion from *Singleton v. City of New York,* 632 F.2d 185 (2nd Cir.1980), is adequate to protect all whose rights might be infringed.

My position is influenced by the stance I took in my concurring opinion in *Jessee v. State,* Wyo., 640 P.2d 56, reh. denied 643 P.2d 681 (Wyo.1982). I there urged abrogation of the exclusionary rule in criminal cases in those instances in which there existed a reasonable good-faith belief by the law enforcement officer that his action was proper. I also said:

> " * * * Furthermore, I identify in the development of civil actions for deprivation of constitutional rights, and in the legal rules, whether statutory or common law, which have developed to permit suits against police officers a more effective deterrent than the exclusionary rule. * * * " *Jessee v. State, supra,* 640 P.2d at 66.

I have not retreated from that position, but in order for the civil action to be a more effective deterrent it must be freely available to those whose rights are infringed. In my judgment it is more effectively preserved with a tolling rule than by proposing the prompt filing of the civil action with a stay until the criminal action appeal is determined as a solution.

I am satisfied that the thrust of *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), is that the principles of res judicata and collateral estoppel are applicable to prevent the relitigation in a civil action under 42 U.S.C. § 1983 of issues tried in state court criminal proceedings. I can see no reason why those principles should not also foreclose the retrial of issues in claims based upon common-law torts. See also, *Preiser v. Rodriguez,* 411 U.S. 475, 497, 93 S.Ct. 1827, 1840, 36 L.Ed.2d 439 (1973), and the cases there cited. During the time in which the criminal conviction remained unreversed the civil claim of the criminal defendant for a violation of his rights would be subject to dismissal. Since this is a very evident disability, arising out of a pending legal proceeding, I would rely upon it to justify the tolling.

I recognize that this is not a legal disability such as those contemplated in § 1-3-115, W.S.1977. I also recognize the rule of *Rowray v. McCarthy,* 48 Wyo. 108, 42 P.2d 54 (1935), to the effect that as a general proposition courts have no power to read into statutes of limitations exceptions not found therein because exceptions in favor of persons laboring under some disability are strictly construed, and the enumeration of specific exceptions by implication excludes all others. I believe this to be the general rule, but it is not an absolute rule. In *State ex rel. Pink v. Cockley,* 110 Ind. App. 417, 37 N.E.2d 284 (1941), it was essential to pursuing an action that a prior civil proceeding be reversed on appeal. The court held that the time during which the action was prevented by the judgment in the other proceeding would not be counted against the party in determining whether the statute of limitations barred his action.

In 54 C.J.S. Limitations of Actions § 247, p. 278, the following language appears:

> "Where a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the time during which he is thus prevented should not be

counted against him in determining whether limitations have barred his right, even though courts are reluctant to acknowledge exceptions additional to those contained in the statute itself: * * * "

The cases cited there do support the textual conclusion. While factually different, the rationale of those cases does support a conclusion in cases like this that the statutory period of limitations should not be held to run during the pendency of the criminal appeal.

In 51 Am.Jur.2d Limitation of Actions § 140, p. 711, the proposition is stated as follows:

"The broad rule is laid down that whenever some paramount authority prevents a person from exercising his legal remedy, the time during which he is thus prevented is not to be counted against him in determining whether the statute of limitations has barred his right even though the statute makes no specific exception in his favor in such cases. This rule enables the courts to give effect to a law creating an exception the object of which is to prevent the statute from running during the time the claimant is prevented, without fault on his part, from suing, so that he can have the full benefit of the time allowed him in which to bring his action. Under this rule, an injunction or other legal proceeding which prevents one from exercising his legal remedy against another tolls or suspends the operation of the statute of limitations. * * *"

Of like tenor and effect is the language found in 51 Am.Jur.2d Limitation of Actions § 170, p. 740.

Because of my view that it is necessary to preserve this cause of action to citizens whose rights may be violated, I would not apply against them the statute of limitations during the period of time for which a criminal conviction is effective and could be asserted to foreclose the prosecution of civil claims under the doctrine of res judicata or the doctrine of collateral estoppel. If my argument in *Jessee v. State,* supra, has validity then the preservation of the civil ac-

tion to serve as a deterrent to unlawful action by law enforcement officers is necessary and requires the creation of an exception to the statute of limitations. In this case the same result is reached as in the majority opinion because the statute is tolled for only 213 days yet the action was filed 2 years and 250 days after the causes of action accrued, except for malicious prosecution.

I do add that I am not in agreement with the position of the majority opinion that the cause of action for malicious prosecution accrued at the time of the defendant's arrest and prosecution. The law in Wyoming is that the claim for malicious prosecution does not accrue until the underlying state court proceeding has terminated in favor of the plaintiff. *Weber v. Johnston Fuel Liners, Inc.,* Wyo., 540 P.2d 535 (1975). In this instance that cause of action did not accrue until November 27, 1979. I still concur in the decision of the majority, however, because there is no indication that these police officers were not acting within the scope of their official duties, and they therefore cannot be sued for malicious prosecution. *Kimbley v. City of Green River,* Wyo., 663 P.2d 871 (1983).

One other facet of the majority opinion troubles me. I do not agree that even the hypothetical application of the Wyoming Governmental Claims Act, §§ 1–39–101 et seq., W.S.1977 (Cum.Supp.1982), is appropriate. That statute became effective July 1, 1979, more than three months after the arrest of Lafferty. I am satisfied that it is substantive in nature and could have no application to those events which occurred prior to the date that it became effective. I would, therefore, rule that it has no application to these circumstances and would not discuss even hypothetically the computation of a period of limitations as affected by the statute.

I would hold in this case that the period of limitations was tolled from the date the criminal conviction was effective until the date it was reversed. In this instance that period of time is not long enough, however, to bar the application of the statute of limitations to appellant's claim.